EDWIN G. SEVERIN, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.

28 N. W. 2d 326

Filed July 3, 1947.   No. 32217.

*Hugh J. Boyle,* for plaintiff in error.

*Walter R. Johnson,* Attorney General, *C. S. Beck,* and
*Carl H. Peterson,* for defendant in error.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-
MORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

Plaintiff in error, Edwin G. Severin, who will herein-
after be referred to as the defendant, was convicted
of the crime of embezzlement.   He appealed therefrom.
His conviction was affirmed.   See Severin v. State, 146
Neb. 506, 20 N. W. 2d 377.

Thereafter defendant filed a motion for a new trial
on the ground of newly discovered evidence.   The trial
court, after a hearing, overruled the motion and defend-
ant, by petition in error, has brought the matter here
for review.

The question presented is, did the trial court err in
overruling defendant's motion for a new trial on the
ground of newly discovered evidence?

Section 29-2103, R. S. 1943, provides in part:   "In any
criminal case where it shall be made to appear upon
the motion of the defendant for a new trial, supported
by affidavits, depositions, or oral testimony, that the
defendant has discovered new evidence material to his
defense which he could not with reasonable diligence
have discovered and produced during the time within

which the verdict upon which he was sentenced was rendered, the district court may set aside such sentence and grant a new trial; * * * ."

Whether a new trial should be granted under the provisions of section 29-2103, R. S. 1943, upon the ground of newly discovered evidence depends upon the facts and circumstances of each case.

In the opinion affirming the defendant's conviction we said: "Defendant never paid the money back to Brokaw. The theory of the defense is that the only relationship existing between the defendant and Brokaw was that of seller and purchaser and that defendant was at no time the agent of Brokaw."

The record discloses that at the trial the defendant testified as follows: "Q Then when was the next time you saw Mr. Brokaw and talked to him about the Rutan ranch deal? A February 9. (1943) Q And where was this? A At his farm. Q And what was the substance of the transaction or conversation that took place then? A I wanted to tell him about the suit I had started at Bassett, I stopped to see him on the 2nd, when I came back after filing the suit but he wasn't at home so I drove back on the 9th. Q And you talked to him about that? A Yes, sir. Q At that time did you tell Mr. Brokaw that the deal could not go through? A No, I didn't. I told him I had filed an action for specific performance and was bound to deliver that ranch. Q And you did not at that time also state that as soon as you could sell some property you would give him the $1000 back? A No, sir. I told him if I didn't win that suit and could not get the ranch, I said I would make a settlement with him after we had completed that suit. * * * Q Have you ever had any other conversations with Mr. Brokaw concerning this deal? A I think not. Q That is the last time you saw him about this deal to talk things over with him? A Yes, sir."

In his motion for new trial defendant sets forth that about March 11, 1946, which was after his trial, con-

viction, and our affirmance thereof, he came into possession of the following receipt: "2/9/'43 Rec'd of E. G. Severin $1000.00 earnest money that was paid on Rutan ranch Clarence Brokaw." He further alleges therein that he saw Clarence Brokaw, the complaining witness, sign the receipt at the time he paid him the $1,000 in currency.

At the hearing on his motion for a new trial the defendant testified that on February 9, 1943, at Foster, Nebraska, he paid Brokaw the sum of $1,000 in currency and obtained his signature to the receipt but had misplaced it and was not able to find it until around February 1, 1946. He explained the circumstances under which it was then discovered. He also produced a handwriting expert who testified that in his opinion the signature on the receipt was that of Clarence Brokaw and gave the reasons for his opinion.

At this hearing Clarence Brokaw testified that defendant had not paid him the $1,000 and that the signature on the receipt was not his signature. The defendant in error also produced a handwriting expert who was of the opinion that the signature on the receipt was not that of Clarence Brokaw and gave the reasons for his opinion.

Naturally whether or not defendant had paid to Clarence Brokaw the sum of $1,000 which he had received from him was peculiarly within his knowledge and certainly was known to him at the time of the trial. However, he did testify he did not know the whereabouts of the receipt at that time. He gave as his reason why he did not testify thereto at the time of the trial as follows: "Q Now was that discussed about testifying about that matter when we tried the case in this court? A Yes. Q Why wasn't that brought into the trial? A For this reason: When we first started discussing it was shortly after the arrest. If you remember, I told you at that time there was no doubt but what I could find it, but I felt that the time to produce that was when

we found it. I think the last discussion was at the jury trial when we were in the hotel at Norfolk and you told me that you had your own opinion and asked me what I thought of it. I said 'it looks to me going as far as we have we should try to win cn the merits of the case because if I should say now, without having the evidence here, that I had paid it and had a receipt and had lost it it seemed to me a jury would assume that I was just lying about it and grasping at straws and would possibly call me a liar for everything else I had said.' Q That was discussed? A Yes sir. And you agreed with me. So we decided not to mention it."

The defense now offered by the defendant was not discovered since the trial. It was known to him, on his own showing, from the beginning. He chose to withhold it for reasons of his own. We do not attempt to determine how much of his present story is true for even if entirely true the court could not help him as it is not new evidence within the meaning of the statute.

A defendant charged with a crime may not, for reasons of his own, experiment with one defense and when that fails him, invoke the aid of the law to experiment with another which was fully known to him at the time. Such is clearly not the purpose of the statute.

For the reasons stated the order of the trial court overruling the motion and denying the defendant his new trial is affirmed.

AFFIRMED.