STATE OF NEBRASKA, APPELLEE, v. GEORGE THOMAS BEVINS, APPELLANT.

194 N. W. 2d 181

Filed February 4, 1972. No. 38096.

Thomas D. Carey, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is a post conviction proceeding. Defendant was convicted several years ago of breaking and entering into a Hinky Dinky store in Omaha, Nebraska. He was represented by the assistant public defender and now claims he was inadequately and incompetently represented. The district court refused to vacate defendant's sentence. We affirm that judgment.

The record reflects that defendant and a brother were caught red-handed while attempting to enter a safe in the store and were apprehended in the building. Defendant states he was too drunk at the time to have the required intent to commit the offense and called this to his attorney's attention. He was informed that having been caught in the store, he did not have a chance and

would receive a lighter sentence if he pled guilty. This was also the advice of his brother and they did plead guilty. The attorney does not recall the case, but it was stipulated that he had a fine reputation as a defense attorney in criminal cases.

The brother states he had to get defendant very drunk by visiting several taverns before he would consent to assist in the burglary. The probation officer's report shows defendant informed him that defendant and his brother had been driving around when they decided to burglarize the store. It is at complete variance with the brother's evidence.

There is also evidence of a police officer that when he entered the store, defendant and his brother ran from the front to the back, then up and down behind a counter, and finally into a back room and thence to the basement. He saw no evidence of intoxication.

Defendant had been previously convicted of a rape-robbery and of auto theft. His brother has six felony convictions.

Ordinarily voluntary intoxication is no justification or excuse for crime, but excessive intoxication by which a person is wholly deprived of reason may prevent one from having the intent charged. See Tvrz v. State, 154 Neb. 641, 48 N. W. 2d 761. The record here fails to sustain the contention of intoxication. It is highly questionable that it was even mentioned to defendant's lawyer. Certainly, the stories now told by the defendant and his brother are at complete variance to the one told by defendant to the probation officer soon after their arrest. Defendant then indicated the decision to commit the offense was one in which he participated and there is no mention of tavern-hopping, drinking, or intoxication. Lack of intoxication is verified by the arresting officer.

When men are caught in the actual commission of a crime and have no defense whatever, any competent lawyer will advise a plea of guilty and thereby seek a

more lenient sentence. There is no valid evidence of incompetence.

Furthermore, a lawyer is not required to be infallible. In McMann v. Richardson, 397 U. S. 759, 90 S. Ct. 1441, 25 L. Ed. 2d 763, it is stated: "It is no denigration of the right to trial to hold that *when the defendant waives his state court remedies and admits his guilt, he does so under the law then existing; further, he assumes the risk of ordinary error in either his or his attorney's assessment of the law and facts.*" (Emphasis supplied.)

The judgment of the district court is affirmed.

AFFIRMED.