STATE OF NEBRASKA, APPELLEE, V. ARTHUR J. ALEGRIA, APPELLANT.

255 N. W. 2d 419

Filed June 29, 1977. No. 41080.

Padley & Dudden, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

Upon a plea of guilty to forcibly assaulting or resisting a law enforcement officer while engaged in or on account of the performance of his official duties, the defendant was sentenced to 5 months imprisonment in the Nebraska Penal and Correctional Complex. He has appealed and contends the trial court erred in receiving the guilty plea and not honoring the plea bargain, and in refusing to place the defendant on probation.

At the arraignment it was disclosed to the court that the defendant had entered into a plea bargain with the county attorney, in which the county attorney agreed to recommend probation in return for the defendant's agreement to enter a plea of guilty. After the terms of the plea bargain had been stated in the record the following occurred: "THE COURT: Mr. Alegria, as we have been careful to explain to you, the only — this is not binding upon the court. Now, I am free to tell you that I will take it into consideration. But there is no guarantee to you that I will not sentence you to the maximum of one year in the penitentiary. MR. ALEGRIA: Yes. THE COURT: And that my only responsibility is to consider the recommendations of the parties as I will consider all other factors in this case. Do you understand? MR. ALEGRIA: Yes. THE COURT: And you know that you are not guaranteed anything, right? MR. ALEGRIA: Yes."

At the sentencing hearing the defendant testified

as follows: "Q. Now, in connection with this matter at the time we were in the county court and you waived your preliminary hearing and entered your plea here, you were told, of course, that any arrangements we made with the County Attorney would not bind the court with regard to what would happen, you knew that, didn't you? A. Yes. Q. And it is a fact, however, that we did in dealing with the County Attorney enter a plea on the basis of the fact that the State would not stand in the way of probation for you. You understood that? A. Yes. Q. But you realize, of course, that that agreement between the County Attorney and myself and yourself does not bind his honor here with regard to the sentencing? A. Yes." After the defendant's testimony had been completed, the county attorney made the following statement: "MR. KEITH SINOR: Your Honor, as the Journal Entry of April 13 shows in this matter, a plea agreement was entered into whereby I would recommend probation. I would so recommend to the Court. And I might say to the Court that although I was dismayed by the previous offenses that were evident in the Pre-sentence investigation, it would still be my recommendation with or without the plea agreement for probation." The defendant's counsel then made a statement to the court which included the following: "I would like for the court to give him a chance. Now, I am not harping on the fact that the County Attorney and I made a plea bargain. I know about plea bargains just as well as the defendant does. And this court is not bound by that plea bargain."

The plea bargain which was made in this case was fully performed. The county attorney recommended the defendant be placed on probation but the trial court was of the opinion that the nature of the offense and the defendant's previous record required that a sentence of imprisonment for 5 months be imposed.

Although the defendant did not ask leave to withdraw his plea, he suggests that after the trial court had decided the defendant could not be placed on probation, the defendant should have been informed of that fact and have been given an opportunity to withdraw his plea. A similar contention was considered and rejected in State v. Evans, 194 Neb. 559, 234 N. W. 2d 199. In that case we said: "A trial judge should not enter into any agreement that the defendant will be permitted to withdraw his plea if he does not accept the county attorney's recommendation on sentence.

"It is true, as defendant argues, section 4.1 (c) of the ABA Standards Relating to the Function of the Trial Judge would permit the procedure contended for by him. We have not adopted the Standards Relating to the Function of the Trial Judge. We specifically disapprove of section 4.1 (c) of those standards insofar as it would permit the withdrawal of a guilty plea unless, as set out heretofore, withdrawal is necessary to correct a manifest injustice."

The defendant is approximately 24 years of age and single. He has completed 2 years of instruction at the Mid Plains Community College, Vocational-Technical campus. He has a satisfactory employment record. He was earning $800 per month at the time of the offense and was planning to be married.

He was stopped at about midnight in McCook, Nebraska, on February 23, 1976, for driving in a reckless manner. He produced an operator's license issued to his brother, his license having been suspended at that time. He had been drinking and was unable to pass any of the sobriety tests administered by the officers. He was then arrested for driving while under the influence of intoxicating liquor and taken to the police station.

When the officers tried to explain the implied consent law to the defendant and obtain a breath test he became violent and struck one of the officers. The

defendant continued to resist the officers after he had been placed in handcuffs by spitting at them and attempting to kick them. After he had been placed in a cell and the handcuffs removed he attempted to strike the officers.

The defendant was arrested for bicycle theft when he was 11 years of age. He was committed to the Boy's Training School in 1965, 1967, 1969, and 1970, for theft, breaking and entering, and assault. Since 1972 the defendant has been arrested for 11 traffic offenses including a charge of driving while intoxicated in 1975.

Although the defendant behaved well while institutionalized, he has exhibited a disrespect for authority and the rights of others at other times. In view of the defendant's record and the violent nature of the offense we can not say that the trial court abused its discretion in refusing to place the defendant on probation.

The judgment of the District Court is affirmed.

AFFIRMED.

McCOWN, J., concurring in result only.

My views with respect to permitting the withdrawal of a guilty plea if the trial court is unwilling to accept the sentence concessions contemplated by a plea bargain are set out in State v. Evans, 194 Neb. 559, 234 N. W. 2d 199. The opinion in the case at bar cites only State v. Evans in support of its holding. The last paragraph of the dissent in Evans is therefore still appropriate. "It is noteworthy that not one case is cited in support of the majority holding here. It is difficult to understand the reluctance of the court to accept a rule which all federal courts and an overwhelming majority of all state courts already follow. We are cited to no state court which recognizes plea discussions and plea agreements as an appropriate part of the administration of criminal justice which has refused to follow the rule since Santobello v. New York, 404 U. S. 257, 92 S. Ct. 495, 30 L.

Ed. 2d 427 (1971). The majority opinion here is a step backward in the continuing search for even-handed justice."

I strongly reaffirm the principles set out in my dissent in State v. Evans, *supra*.