STATE OF NEBRASKA, APPELLEE, V. JERRY SIMPSON, APPELLANT.

265 N. W. 2d 681

Filed May 10, 1978.   No. 41713.

Gerald E. Matzke of Martin, Mattoon & Matzke, for appellant.

Paul L. Douglas, Attorney General, and Robert F. Bartle, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

The defendant was convicted of robbery and felony murder. He was sentenced to life imprisonment on the murder count and to imprisonment for 16⅔ years to 50 years for the robbery. He has appealed and contends the trial court erred in refusing a change of venue from Kimball County, Nebraska; in refusing to sustain his motion regarding plea bargaining procedures; in receiving the defendant's confession in evidence; in receiving photographs of the victim in evidence; in failing to instruct the jury as to lesser-included offenses; in characterizing the defendant's statement as a confession; and in imposing excessive sentences.

The record shows that on November 12, 1976, the defendant and his sister, Jackie, were hitchhiking across Nebraska when they were picked up by Fred J. Skiba. They formed a plan to rob Skiba which involved asking him to stop the car. The defendant asked Skiba to stop the automobile when they were at a point just west of Sidney in Cheyenne County, Nebraska. Skiba stopped the automobile as requested and the defendant got out of the automobile on the pretext of going to the bathroom. At that time Jackie, who was in the rear seat, was supposed to "pull a gun" on Skiba and they would rob him. Jackie did nothing so the defendant got back in the car. As Skiba was pulling back on to the highway, Jackie drew the gun, told Skiba to keep his hands on the steering wheel, and stop the car. Skiba reached into the back seat in an attempt to disarm Jackie

and the gun discharged. Skiba then turned back to the front of the automobile and Jackie shot him in the back, paralyzing him and inflicting a fatal wound. The defendant and Jackie then dragged Skiba out of the automobile to a point near the fence at the edge of the right-of-way. Jackie went through Skiba's pockets and took his money. The defendant fired several shots into Skiba's body intending to kill him. They then drove away in Skiba's car which they abandoned near Kimball, Nebraska.

The defendant and Jackie were traced to Los Angeles where the defendant was being held in jail for a California offense. The defendant was interviewed there by two Nebraska officers and made a statement which amounted to a full confession.

An information was filed in Cheyenne County, Nebraska, but on the defendant's motion the venue was changed to Kimball County, Nebraska. A second motion objected to a trial in Kimball County, Nebraska, on the ground that pretrial publicity would prevent the defendant from having a fair trial. The motion referred specifically to a magazine, "Front Page Detective," which contained a story of the crime and had been distributed in Kimball County.

A record of the hearing on the motion was not preserved and the voir dire of the jury does not appear in the record. Such a motion is addressed to the sound discretion of the trial court and upon the record as presented we find nothing that would as a matter of law prevent the defendant from receiving a fair trial in Kimball County.

Before trial the defendant moved for an order that would permit the defendant to withdraw any plea entered pursuant to a plea bargain in the event the court did not accept the recommendation of the county attorney as to sentence. This procedure was disapproved in State v. Evans, 194 Neb. 559, 234 N. W. 2d 199, and State v. Alegria, 198 Neb. 750, 255 N. W. 2d 419. Furthermore, there is nothing in the rec-

ord to indicate that a plea bargain was made or considered.

The record shows that when the defendant was interviewed in California by the Nebraska officers there was a full compliance with the rules stated in Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694. The defendant stated specifically that he was willing to make a statement to the officers "without the services of a lawyer." The defendant now contends that the confession was not admissible because the officers made no attempt to ascertain if the defendant was represented by California counsel in connection with the California offense. The contention is without merit. The interview had no relation to the California offense and the defendant specifically waived his right to counsel.

The State introduced a number of photographs of the body of the deceased taken at the scene of the crime and later at the autopsy. The photographs, although gruesome, had some relevance and tended to corroborate other evidence of the State. The applicable rules have been discussed in a number of recent cases including State v. Partee, 199 Neb. 305, 258 N. W. 2d 634. Under all the circumstances in this case, we are not prepared to say that the possible prejudicial effect of these photographs outweighed their probative value.

The trial court refused the defendant's request that the lesser-included offenses of second degree murder and manslaughter be submitted to the jury. The evidence in this case established that the victim was killed during the commission of robbery in which both the defendant and his sister participated. The crime was clearly felony murder and there was no evidence which would support a finding of guilty of either second degree murder or manslaughter. See State v. Stewart, 197 Neb. 497, 250 N. W. 2d 849.

In several of the instructions to the jury the trial court referred to "admissions or confessions" of the

defendant which had been received in evidence. The statement which the defendant made to the Nebraska officers in California was a full confession as to his participation in the robbery and murder of Skiba. The instructions criticized were not erroneous.

The last assignment of error contends that the sentences imposed on the defendant were excessive. The contention is based on the fact, which does not appear of record in this case, that the defendant's sister was sentenced to 40 years imprisonment upon a plea of guilty to second degree murder. We, of course, do not have before us the presentence report concerning the defendant's sister and do not know what facts and circumstances may have persuaded the trial court to impose a 40-year sentence in that case. However, by obtaining a plea of guilty from one of the participants the State was then in a position to use the testimony of that participant to obtain a conviction against the second participant.

The circumstances of the crime in this case fully justify the sentences imposed. We find no basis upon which they could be said to be excessive.

The judgment of the District Court is affirmed.

AFFIRMED.