STATE OF NEBRASKA, APPELLEE, V. MICHAEL EUGENE MILLER, APPELLANT.

275 N. W. 2d 614

Filed February 27, 1979. No. 42250.

Thomas A. Vakulskas, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before KRIVOSHA, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

Defendant-appellant Michael Eugene Miller pled guilty to a charge of breaking into a dwelling with the intent to steal property. Before sentencing, defendant made a statement alleging several improprieties on the part of a county attorney and the sheriff's department, after which defendant's attorney moved that defendant be allowed to withdraw his guilty plea and proceed to trial. The court denied the motion and sentenced defendant to serve 2 to 8 years in the Nebraska Penal and Correctional Complex with no credit given for time already served.

The sole issue on this appeal is whether the trial court erred in refusing to set aside defendant's guilty plea. The claim is that the statements made by defendant at the time of sentencing clearly showed that his guilty plea was not knowingly, intelligently, and voluntarily entered. We affirm.

The principles which govern in this case are as follows: A motion to withdraw a guilty plea addresses itself to the discretion of the trial judge, and, in the absence of a clear abuse of that discretion, the appellate court will not interfere. Jurgenson v. State, 166 Neb. 111, 88 N. W. 2d 129. It is not proper for a trial judge to permit the withdrawal of a plea of guilty which was knowingly, intelligently, and voluntarily made unless such withdrawal is necessary to correct a manifest injustice. State v. Evans, 194 Neb. 559, 234 N. W. 2d 199; State v. Johnson, 187 Neb. 26, 187 N. W. 2d 99. The burden is on the defendant to establish the manifest injustice by clear and con-

vincing evidence. State v. Krug, 187 Neb. 551, 192 N. W. 2d 163; State v. Johnson, *supra*.

The defendant does not and could not allege any defect in the proceedings wherein his plea was entered and accepted. Before accepting the plea, the trial court conducted a comprehensive inquiry to ensure that defendant understood the maximum and minimum penalties for the crime with which he was charged, the constitutional rights which he was waiving, and the fact that the court was not bound by the terms of the plea bargain which defendant and his attorney had entered into with the county attorney. The court specifically inquired: "Has anybody made any promises, threats or inducements to get you to come into this court and enter a plea of guilty, Mr. Miller?" to which defendant replied, "No, sir." Defendant then admitted to the court that he was in fact guilty and described the commission of the crime in detail. After asking whether defendant understood the proceedings and giving defendant an opportunity to ask questions, the court accepted the plea of guilty.

Before the date set for sentencing, defendant wrote a letter to the county attorney in which he threatened to stir up trouble unless the county attorney followed through on unspecified promises to help defendant. In another letter to the trial court, defendant alleged promises, threats, and denial of the right to counsel.

At the sentencing proceedings, the court first permitted defendant to make a statement concerning the allegations in his letter to the court. Defendant's statement will not be summarized here since, even if the statement were accepted as true in every respect, it utterly failed to establish by clear and convincing evidence that defendant's plea had not been knowingly, intelligently, or voluntarily entered, or that withdrawal of the plea was necessary to correct a manifest injustice.

One other matter requires comment. Defendant had not informed his attorney of any of the alleged improprieties until after the arraignment because he thought he would not be believed and because he was relying on the county attorney's promise to help him if he pled guilty. However, defendant alleged no promises by the county attorney other than a version of those disclosed in the plea bargain, which the county attorney honored in every respect although the court chose not to accept some of the terms of the bargain.

It is possible defendant's attorney would have recommended pleading not guilty and proceeding to trial had defendant informed him of these allegations prior to the arraignment, but it is pointless to speculate about that now. Defendant chose not to tell his attorney or the court of these matters, and, in fact, chose to tell the court that no one had made any promises or threats to induce his plea. "[W]hen the defendant waives his state court remedies and admits his guilt . . . he assumes the risk of ordinary error in either *his* or his attorney's assessment of the law and facts." (Emphasis supplied.) State v. Bevins, 187 Neb. 785, 194 N. W. 2d 181. We hold that a guilty plea may not be withdrawn as a matter of right solely because the defendant chose to withhold facts from his attorney and the court which, if believed, might have prevented the attorney from recommending that the plea be entered or the court from accepting it.

AFFIRMED.

McCown, J., dissenting in part.

This court has again approved a denial of credit for time served in jail while awaiting sentence without explanation. The District Court gave no explanation or reason for denial of credit in the record. This court has held that ordinarily a defendant should be given credit for time spent in jail prior to sentencing. See State v. Blazek, 199 Neb. 466, 259 N. W. 2d 914.

See, also, my concurring opinion in Eutzy v. State, 199 Neb. 384, 258 N. W. 2d 829.

Most judges of the District Court now grant credit for jail time as a matter of course. All judges of the District Court should do so and this court should consistently demand that credit be given for jail time where no explanation appears to justify denial.