STATE OF NEBRASKA, APPELLEE, V.
DONALD M. HURLEY, APPELLANT.

299 N.W.2d 152

Filed November 21, 1980.   No. 43188.

Anthony S. Troia for appellant.

Paul L. Douglas, Attorney General, and Judy K. Hoffman for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE and HASTINGS, JJ., and BURKHARD, District Judge.

HASTINGS, J.

Defendant was convicted of the crime of manslaughter, Neb. Rev. Stat. § 28-305 (Reissue 1979), following a plea of nolo contendere, and was sentenced to imprisonment for a term of 6 2/3 to 20 years. He appealed to this court, assigning a single error, i.e., that the trial court erred in overruling his motion to withdraw the plea of nolo contendere. We affirm.

Defendant appeared in court on November 13, 1979, with his then counsel and, at his request, was permitted to withdraw his not guilty plea previously entered. He then tendered a plea of nolo contendere.

The defendant was questioned thoroughly and extensively as to his background, understanding of the nature of his tendered plea, and realization of his constitutional rights. He related that he was 26 years of age, with a high school education, and able to read and write. He declared satisfaction with the services of his attorney and opportunity to discuss his case with him. The defendant was advised of the possible sentences, and denied that he had been promised anything by anyone in return for his tendered plea. He was free of threats, or actual force, or the influence of drugs or alcohol. His rights to plead not guilty, to a public trial by jury, to subpoena witnesses, to cross-examine the State's witnesses, and to testify in his own behalf or not, as he saw fit, were all explained to him. He stated that he understood all of those rights, as well as his presumption of innocence, and the State's burden of proof, and the requirement that a guilty verdict must be unanimous. Knowing all of those rights, the defendant nevertheless persisted in his plea of nolo contendere after being told that, by doing so, he was then waiving all of those enumerated rights.

The factual basis for the plea was furnished by the county attorney's office, in the presence of the defendant. It consisted of a recitation that the defendant had told the police that he and his wife had an altercation at the family home when he struck her; that she swallowed her tongue; and that he, the defendant, was not able to revive her. She was taken to the hospital, where she was pronounced dead. Having been satisfied of the factual basis, the court accepted the plea and found defendant guilty.

On December 17, 1979, defendant's counsel withdrew and, in his stead, the present counsel entered his appearance for defendant. On December 19, an evidentiary hearing was had in the District Court on defendant's motion to withdraw his plea of nolo contendere. Basically, defendant contends that his plea was not knowingly, understandingly, and voluntarily

entered because it was entered upon advice of counsel then representing him. It seems to be defendant's position that he acted in self-defense. In support of that contention, he refers to a witness, Dan Davis, who was present when the altercation occurred and who could corroborate that story. However, defendant admits that he did not tell his attorney of the existence of this witness because a person's marriage was "his own business and nobody else's." As a matter of fact, he told his attorney specifically that Davis did not witness the argument. He also admitted giving a statement to the police in which he stated that there wasn't any self-defense involved. The defendant also agreed that the trial judge had explained all of his rights to him and that he told the court that he was waiving those rights and entering his plea freely and voluntarily.

Dan Davis also testified at the hearing on defendant's motion to withdraw his plea. He said that he saw the victim come at the defendant with a small hammer; that he then left the house; that shortly thereafter the defendant came outside; and that they then went back into the house, where he observed the victim lying on the floor. He admitted that he told two different police officers he had not seen anything. His excuse for not telling the truth was that he didn't want to get involved. Also, upon questioning by defense counsel, he agreed that his former statements to the police had not been under oath, whereas the testimony at the hearing was under oath, and was the truth.

Other than a statement by the defendant that "My plea . . . was entered on advice of my attorney . . . . And I feel innocent of the charge," there is nothing to indicate that the plea was entered other than voluntarily. We note from an examination of the rather extensive recitation of the facts surrounding the arraignment proceedings that the trial judge fully and fairly explained to the defendant all of his rights and privileges and the consequences of his plea. Accordingly, we have no reluctance in finding that the plea

was entered freely, voluntarily, and knowingly. Similarly, we have searched the record for possible error by way of excessiveness of the sentence. *State v. Price*, 198 Neb. 229, 252 N.W.2d 165 (1977). Defendant's action resulted in the strangulation death of his wife. He previously had been convicted of robbery, sentenced to a term of 3 years, paroled, revoked, and re-paroled, and served a sentence of 1 year's imprisonment for assault with intent to inflict bodily injury. Manslaughter is a Class III felony, and Neb. Rev. Stat. § 28-105 (Reissue 1979) provides for a possible penalty of from 1 to 20 years imprisonment. A sentence imposed within the limits provided by statute will not be reversed on appeal absent an abuse of discretion by the trial judge. *State v. Tipton*, 206 Neb. 731, 294 N.W.2d 869 (1980). Such abuse was not present in this case.

"This court has held on numerous occasions that a motion to withdraw a plea of guilty or nolo contendere should be sustained only if the defendant proves withdrawal is necessary to correct a manifest injustice and the grounds for withdrawal are established by clear and convincing evidence. [Citations omitted.] When a plea of guilty or nolo contendere is made with full knowledge of the charge and the consequences of the plea, it will not be permitted to be withdrawn in the absence of fraud, mistake, or other improper means used in its procurement." *State v. Kluge*, 198 Neb. 115, 119, 251 N.W.2d 737, 740 (1977).

We also have held that a defendant may not withhold evidence known to her at her trial and subsequently use it as a basis for a new trial. *Fugate v. State*, 169 Neb. 420, 99 N.W.2d 868 (1959). Additionally, we have held that a defendant may not base a motion for new trial on newly discovered evidence, where that evidence was known to him from the beginning, and he chose to withhold it for reasons of his own. "A defendant charged with a crime may not, for reasons of his own, experiment with one defense and when that fails him, invoke the aid of the law to experiment with another which was fully known to him at the

time." *Severin v. State,* 148 Neb. 617, 620, 28 N.W.2d 326, 328 (1947). Although the above two cases deal with a motion for new trial, the same reasoning applies where the motion is for withdrawal of a plea of nolo contendere.

In *State v. Miller,* 202 Neb. 443, 275 N.W.2d 614 (1979), we held "that a guilty plea may not be withdrawn as a matter of right solely because the defendant chose to withhold facts from his attorney and the court which, if believed, might have prevented the attorney from recommending that the plea be entered or the court from accepting it." *Miller* at 446, 275 N.W.2d at 616.

Clearly, this is not a case in which the granting or leave to withdraw the plea is necessary to correct a manifest injustice. The judgment of the District Court was correct, and is affirmed.

AFFIRMED.