Richard Dean HOLTAN, Appellant,

v.

Robert PARRATT, Warden of Nebraska Penal and Correctional Complex, Appellee.

No. 81–2153.

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1982.

Decided July 16, 1982.

J. William Gallup, Omaha, Neb., for Holtan.

Jack Greenberg, James M. Nabrit, III, Joel Berger, John Charles Boger, Deborah Fins, James S. Liebman, New York City, Robert Weisberg, Stanford Law School, Stanford, Cal., Anthony G. Amsterdam, New York University, School of Law, New York City, for N. A. A. C. P. Legal Defense and Educ. Fund, Inc.

Paul L. Douglas, Atty. Gen., J. Kirk Brown, Asst. Atty. Gen., Lincoln, Neb., for Robert Parratt and State of Neb., its Agencies, and its Officers.

Before HEANEY, BRIGHT and HENLEY,* Circuit Judges.

HENLEY, Senior Circuit Judge.

Richard Dean Holtan was convicted by a Nebraska trial court of first degree murder while in the commission of a crime, and of shooting with intent to kill, wound, or maim, and was sentenced to death by electrocution. His petition for a writ of habeas corpus was denied by the United States District Court, and this appeal followed.

Because we agree with the district court that Holtan was denied effective assistance of counsel when his attorney failed to act on Holtan's request to seek withdrawal of his plea of nolo contendere, and because we find that Holtan was materially prejudiced thereby, we vacate the judgment of the district court and remand with directions. Further, because our decision may render moot the remaining issues raised by Holtan,[1] we decline to decide those issues at this time.

Holtan's conviction arose out of a robbery of a bar in Omaha, Nebraska. The robber entered the bar and robbed the cash register of its contents. He then forced the bartender and two patrons into a restroom and, after the bartender had been forced to tie the hands of the patrons, shot and killed the bartender and wounded one of the patrons. Holtan, the prime suspect, was not apprehended until several months later, when he surrendered to authorities in Hawaii.

Holtan pled no contest, and was sentenced by a three-judge panel to death on the murder charge, and to imprisonment for a term of fifteen to forty-five years on the other charge. During this time, he was represented by Mr. Carey of the Douglas County, Nebraska Public Defender's Office. Holtan's conviction and sentences were affirmed by the Supreme Court of Nebraska in *State v. Holtan*, 197 Neb. 544, 250 N.W.2d 876 (1977), *cert. denied sub nom. Holtan v. Nebraska*, 434 U.S. 912, 98 S.Ct. 313, 54 L.Ed.2d 198 (1977). A later challenge to his conviction under the Nebraska Post Conviction Act was denied by the District Court of Douglas County, Nebraska, and that decision was affirmed by the Supreme Court of Nebraska. *State v. Holtan*, 205 Neb. 314, 287 N.W.2d 671 (1980).

In the United States District Court, and on appeal, Holtan contends that he received ineffective assistance of counsel in the following ways:

(a) by the failure of his counsel to subpoena witnesses who would have presented mitigating factors at his sentencing

---

* The Honorable J. Smith Henley assumed senior status on June 1, 1982.

1. Those contentions raised by Holtan which will not now be considered by this court may be stated as follows:

(1) A psychiatric examination to determine his competency to stand trial should have been ordered;

(2) The refusal of the sentencing judges to consider character evidence presented on his behalf as a nonstatutory mitigating circumstance violated his eighth amendment rights under the standard set forth in *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978);

(3) The death sentence, imposed with no participation by a jury, violated his sixth, eighth and fourteenth amendment rights;

(4) Sections 29–2520 and 2521, R.R.S.Neb., violate his rights to equal protection and to due process of law, because they do not provide adequate criteria for the invocation of a three-judge panel and do not specify the procedure to be followed when such a panel is convened; and

(5) Nebraska's method of execution—electrocution—is cruel and unusual punishment in violation of the eighth and fourteenth amendments.

hearing and by informing Holtan that the State was financially unable to provide the assistance necessary to secure the presence of those witnesses;

(b) by the failure of counsel to discuss trial strategy with Holtan at any time and by failing to advise him that the only eyewitnesses to the charge against him had given widely varying descriptions of the assailant and that there was no physical evidence to connect him with the crime charged;

(c) by the failure of counsel to investigate the case adequately, either through the taking of depositions, interviewing of witnesses, or reading the police reports in their entirety;

(d) by counsel's advising Holtan that a no contest plea would be beneficial in that it would prevent the appearance of the surviving female victim, who defense counsel felt would evoke hostility toward the petitioner, and in failing to obtain an agreement with the prosecuting attorney that the victim would not appear if a plea were entered;

(e) by the failure of counsel to advise the court that Holtan wished to withdraw his plea of no contest to the charge of first degree murder after he had been advised by counsel that the penalty which the court probably would impose was the sentence of death; and

(f) by the failure of counsel to investigate adequately the petitioner's mental capacity both at the time of the commission of the crime and at the time of the plea, when counsel knew the petitioner had a history of mental disorders.

■ Subissue (a) involves Carey's failure to subpoena out-of-state psychiatrists and character witnesses who allegedly would have presented mitigating factors at the sentencing hearing. The district court, in resolving this issue, stated that "[t]here appears to be no breach of an essential duty to interview these witnesses, because they did not have material knowledge." The district court also observed that "[e]ven if the character witnesses had material knowledge and Carey breached an essential duty by failing

to subpoena them, Holtan has not shown the requisite prejudice." After having carefully examined the record, we hold that the district court's findings are fully supported by the record and are not clearly erroneous.

The district court also resolved subissues (b), (c) and (f) by making factual findings that Carey had discussed trial strategy and the potential testimony of the witnesses with Holtan, that Carey's investigations of potential witnesses and of other materials had been adequate, and that adequate investigations into Holtan's mental capacity had been made by Carey. Again, we hold that these findings are not clearly erroneous. Accordingly, we turn to subissues (d) and (e).

In its discussion of subissue (e), the district court found:

Subissue 'e' of the claim of ineffectiveness—Carey's alleged failure to act on Holtan's request to withdraw the no contest plea—is . . . the subject of some dispute as to exhaustion. . . . [I]t is not the subject of a deliberate bypass and it will be treated as exhausted, due to the inability to raise it further in a state proceeding.

Holtan contends that he telephoned Carey at his home about five days before sentencing to request withdrawal of the no contest plea. Carey responded that he would see Holtan in a few days. Despite Carey's inaction, Holtan did not mention the request at the time of sentencing, because he felt that it was too late to request withdrawal and that it was not his place to do so. Carey has no recollection of the telephone call. The evidence fairly shows that the request was made and not acted upon.

A reasonably competent attorney would likely pursue such a request and attempt to have the plea withdrawn; Carey has breached an essential duty. Holtan has not shown, however, that his defense was substantially prejudiced. ·

■ The district court's decision to treat this issue as exhausted "due to the inability to raise it further in a state proceeding" has

been somewhat troublesome to this court in light of the Supreme Court's recent decision in *Engle v. Isaac,* —— U.S. ——, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), that "any prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief." *Id.* 102 S.Ct. at 1572. *See United States v. Frady,* —— U.S. ——, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982); *Tippett v. Wyrick,* 680 F.2d 52 (8th Cir. 1982); 28 U.S.C. § 2254(b).

The exhaustion controversy here stems from petitioner's failure to assign specifically his trial counsel's failure to request withdrawal of the plea as an issue in his appeal from the state district court's denial of his petition for post-conviction relief, for, under Nebraska law, consideration of an issue on appeal will be limited to errors specifically assigned and discussed except that the Supreme Court of Nebraska may, at its option, note a plain error not assigned. *E.g., State v. Redden,* 181 Neb. 423, 149 N.W.2d 98 (1967). However, we note that the Nebraska Supreme Court will consider an "argued error, even though the same was not assigned," where the defendant has been charged with a capital crime and where the death sentence has been imposed. *State v. Peery,* 199 Neb. 656, 261 N.W.2d 95, 97 (1977).

In the case at bar, it is clear that this issue was raised before the state district court in Holtan's request for state post-conviction relief, and it is also clear that this issue was raised before the Supreme Court of Nebraska during Holtan's appeal from the state district court's denial of post-conviction relief. Brief for Appellant at 12; *State v. Holtan,* 205 Neb. 314, 287 N.W.2d 671 (1980). Consequently, we hold that Holtan adequately raised this issue before the Nebraska courts, notwithstanding his failure to specify it as error in that appeal, and notwithstanding the Supreme Court of Nebraska's failure to address the issue in its decision. *State v. Peery,* 261 N.W.2d at 97. It follows that there has been no procedural default with regard to this issue, that *Engle*

*v. Isaac* is therefore not applicable, and the issue is properly before us.[2]

■ The State has conceded on appeal and the district court found that the request for withdrawal of plea was made and not acted upon. We find substantial evidence in the record to support this conclusion and we also agree with the district court that a reasonably competent attorney would likely pursue such a request. However, we are unable to agree with the district court that prejudice has not been shown.

■ This court has consistently held that a petitioner must show that his attorney has failed to exercise the customary skills and diligence that a reasonably competent attorney would exercise in the circumstances. In the event that such failure is shown, however, if petitioner is to prevail on the issue of ineffective assistance of counsel he must also show that he was materially prejudiced thereby in the defense of his case. *See, e.g., Comer v. Parratt,* 674 F.2d 734 (8th Cir. 1982); *DuPree v. United States,* 606 F.2d 829, 830–31 (8th Cir. 1979); *Morrow v. Parratt,* 574 F.2d 411, 412–13 (8th Cir. 1978); *United States v. Easter,* 539 F.2d 663, 665–66 (8th Cir. 1976).

The district court found that Holtan had not shown prejudice because in Nebraska, "[a] defendant does not have an absolute right to have a guilty plea withdrawn upon request . . . . The petitioner has made no showing that his attempt at withdrawal would have, should have, or might have been accepted by the district court." *Holtan v. Parratt,* No. CV81–L–07 (D.Neb., filed Oct. 10, 1981). While we agree that Holtan's right to withdrawal of his plea of nolo contendere may not be absolute, and that a no contest plea is to be treated the same as a guilty plea, *see State v. Kluge,* 198 Neb. 115, 251 N.W.2d 737, 739 (1977), and cases cited therein, we nevertheless think the grounds for withdrawal urged here are not without substantial merit. Thus, we extend our inquiry into Nebraska case law.

---

2. We make similar findings with regard to sub-   issue (d).

**1168**

In *State v. Evans,* 194 Neb. 559, 234 N.W.2d 199 (1975), the Supreme Court of Nebraska adopted a standard governing withdrawals of guilty pleas that had the effect of harmonizing what may have been divergent Nebraska cases in this area. *Compare State v. Daniels,* 190 Neb. 602, 211 N.W.2d 127, 129 (1973), *with State v. Freeman,* 193 Neb. 227, 226 N.W.2d 351, 353 (1975), *and State v. Williams,* 191 Neb. 57, 213 N.W.2d 727, 728 (1974). The court in *Evans* stated:

As defendant's counsel suggests, in *State v. Turner* (1971), 186 Neb. 424, 183 N.W.2d 763, we enunciated the following rule concerning pleas of guilty: " * * * the Standards Relating to Pleas of Guilty promulgated by the American Bar Association outline what should be the minimum procedure in the taking of such pleas." We have consistently adhered to this position and have set aside pleas where the ABA Standards were not followed. . . .

234 N.W.2d at 201.[3] The standard adopted in *Evans* was later expressly approved in *State v. Kluge,* 198 Neb. 115, 251 N.W.2d 737 (1977), and in *State v. Hill,* 204 Neb. 743, 285 N.W.2d 229 (1979).

██ A careful reading of these and other recent Nebraska cases in this area, moreover, indicates that other considera-

tions may also have some bearing on the trial court's decision to permit or deny withdrawal. The net effect of these cases may be summarized as follows:

I. The court *should* allow the defendant to withdraw his plea of nolo contendere or guilty when withdrawal is necessary to correct a manifest injustice, *State v. Hill,* 285 N.W.2d at 232; *State v. Kluge,* 251 N.W.2d at 740; *State v. Evans,* 234 N.W.2d at 201; *State v. Freeman,* 226 N.W.2d at 353; *State v. Johnson,* 187 Neb. 26, 187 N.W.2d 99, 101 (1977), and where the grounds for withdrawal are established by clear and convincing evidence. *State v. Hill,* 285 N.W.2d at 232; *State v. Kluge,* 251 N.W.2d at 740.

Manifest injustice is shown where there is clear and convincing evidence that the plea was not knowingly, intelligently or voluntarily made. *State v. Hill,* 285 N.W.2d at 232; *State v. Kluge,* 251 N.W.2d at 740; *State v. Johnson,* 187 N.W.2d at 101; *State v. Eutzy,* 184 Neb. 755, 172 N.W.2d 94, 95–96 (1969). In this regard, the defendant must prove fraud, mistake, or other improper means used in the procurement of the plea. *State v. Kluge,* 251 N.W.2d at 740; *State v. Evans,* 234 N.W.2d at 201; *State v. Williams,* 213 N.W.2d at 728.

Manifest injustice is also shown where a defendant proves that he was denied effec-

**3.** The ABA Standards adopted by the Supreme Court of Nebraska are as follows:

(a) The court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

(i) A motion for withdrawal is timely if made with due diligence, considering the nature of the allegations therein, and is not necessarily barred because made subsequent to judgment or sentence.

(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:

(1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

(3) the plea was involuntary, or was entered without knowledge of the charge or

that the sentence actually imposed could be imposed; or

(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement.

(iii) The defendant may move for withdrawal of his plea without alleging that he is innocent of the charge to which the plea has been entered.

(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.

*State v. Evans,* 234 N.W.2d at 201.

tive assistance of counsel, where the plea was not entered into or ratified by the defendant, or where the prosecuting attorney opposes or fails to seek concessions as promised in a plea agreement. *State v. Evans*, 234 N.W.2d at 201. In addition, an "inadvisable" plea, when combined with the trial court's failure to appoint an attorney upon request, will also render it necessary to set aside a sentence. *State v. Journey*, 186 Neb. 556, 184 N.W.2d 616 at 617. However, a showing of manifest injustice cannot be made merely by showing that the defendant would not have entered into a plea bargaining agreement had he known the judge would not accept the sentence recommendation. *State v. Evans*, 234 N.W.2d at 202; *State v. Eutzy*, 172 N.W.2d at 95–96.

II. The court in its discretion *may for any fair and just reason* allow the defendant to withdraw his plea, unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea. *State v. Hill*, 285 N.W.2d at 232; *State v. Kluge*, 251 N.W.2d at 739; *State v. Daniels*, 211 N.W.2d at 129. *See State v. Journey*, 184 N.W.2d at 617.[4]

Some fair and just reasons would appear to include entry of the plea by mistake; under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; a plea made involuntarily for any reason; or a plea made inadvisably, if any reasonable ground is offered for going to the jury. *See State v. Journey*, 184 N.W.2d at 617.

III. In the context of plea changes, a defendant must, at a minimum, be informed of and understand that entry of a plea of guilty or nolo contendere will operate to waive his right to a trial by jury, *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94, 98 (1981); *State v. Hill*, 285 N.W.2d at 233, his right to confront witnesses, and his privilege against self-incrimination, *State v. Tweedy*, 309 N.W.2d at 98; *State v. Hill*, 285 N.W.2d at 234–35, and the record must reflect this. *State v. Tweedy*, 309 N.W.2d at 98.

The information given the defendant by the court need not be given in a strict, ritualistic litany or in an item-by-item review of constitutional rights. *State v. Hill*, 285 N.W.2d at 234–35; *State v. Fowler*, 201 Neb. 647, 271 N.W.2d 341 (1978). Further, a guilty plea may not be withdrawn as a matter of right solely because the defendant, in the face of a specific question from the court, chose to withhold facts from that court which, if believed, might have prevented the court from accepting it. *State v. Miller*, 202 Neb. 443, 275 N.W.2d 614, 616 (1979).[5]

Against this backdrop, we turn to the facts at bar to assess whether Holtan has made a sufficient showing of prejudice.

The federal district court found, in connection with its resolution of subissue (d), that Holtan's nolo contendere plea was not entered into as a result of any ineffective assistance on Carey's part. Rather, Holtan was found to have *insisted* on entering the plea as a result of a mistaken impression on his part that by entering the plea he could avoid confronting certain prosecution witnesses and thus (hopefully) avoid the death penalty.[6] The State now concedes that this finding is an accurate reflection of the facts.

---

4. However, where the plea has been entered into pursuant to the terms of a plea bargaining agreement, a defendant will *not* be permitted to withdraw his plea absent a showing of manifest injustice, *State v. Alegria*, 198 Neb. 750, 255 N.W.2d 419, 421 (1977), or where such an attempt, if given effect, would result in an abuse of the plea bargaining process. *State v. Johnson*, 187 N.W.2d at 101.

5. At this point, we deem it well to observe that we have made a summary of the Nebraska cases solely for the purpose of determining whether Holtan has made a sufficient showing

of prejudice resulting from Carey's failure to request withdrawal. We do not address the policy or validity of any of the Nebraska decisions, as such is not necessary for present purposes.

Indeed, it may be remembered that the summary of Nebraska law is our own, and the Nebraska courts, of course, are not bound by our interpretations of Nebraska state law.

6. Although Carey attempted several times to reach a plea agreement with the prosecution, he was unable to do so.

The Nebraska Supreme Court, in its affirmance of the state trial court's denial of post-conviction relief, stated that "the record simply does not show that the defendant was not aware of sufficient facts upon which he could make an intelligent decision with regard to entering his plea." *State v. Holtan*, 287 N.W.2d at 675. Indeed, we observe that when Holtan entered his plea, the trial court entered into an extensive colloquy with the defendant, covering forty pages of transcript, and did a commendable job both of informing Holtan of the consequences of the plea and of satisfying itself that Holtan understood these consequences.

However, we also note that at no time during this colloquy did the parties or the court discuss the possibility that witnesses to the shooting could and would testify at the sentence hearing.[7] In addition, the Nebraska Supreme Court, in holding that Holtan's plea was knowing and intelligent, was addressing the issue of whether Holtan had been aware that one of the witnesses had difficulty identifying him, and not whether Holtan was fully aware that damaging testimony could be elicited at the sentence hearing.

■ This court nevertheless observes that although the plea was entered into under a mistaken impression on Holtan's part, and although the trial court did not uncover this mistake at the time the plea was entered, the mistake was not the result of ineffective assistance on the part of counsel, or of any misconduct on the part of the prosecution, and the trial court's investigation of the voluntariness of the plea was clearly adequate.[8] In these circumstances, we are unable to state that Holtan was entitled to withdraw his plea as a matter of right.[9]

Further, although the prosecution has conceded at argument that it would not be prejudiced by Holtan's withdrawing his plea, and although Holtan has, in our opinion, shown fair and just reasons which could influence the state trial court to allow withdrawal of the plea, the Nebraska law is nevertheless clear in these circumstances that a request for withdrawal is addressed to the sound discretion of the trial court. Consequently, we cannot conclude with certainty that Holtan would have been allowed to withdraw his plea if a request for such withdrawal had been timely made.

But we also observe that as a result of Carey's failure to act on Holtan's request for withdrawal, Holtan was denied the opportunity even to *present* his request to the trial court. Cf. *Robinson v. Wyrick*, 635 F.2d 757 (8th Cir. 1981) (failure to appeal). In addition, because of the dire consequences that would flow from the trial court's refusal to allow withdrawal, because, as the State concedes, no countervailing prejudice to the State will occur, and in light of Holtan's mistake as to the prosecution's ability to present adverse testimony at the sentencing hearing, the possibility that he would have been allowed to withdraw his plea is not insubstantial. In these circumstances, we hold that Holtan has made an adequate showing that he was prejudiced by Carey's failure to act on the request to withdraw the plea of nolo contendere.

■ This is not to say that prejudice always can be proved merely by showing that the petitioner has been denied a procedural device as a result of ineffective assistance of counsel. All we are saying is that where, as a result of ineffective assistance of counsel, a petitioner has been denied the opportunity to request withdrawal of his plea of guilty or nolo contendere, and where he has shown that there is a substantial

---

7. The sentence hearing followed the plea hearing by about a month.

8. Because no specific inquiry was made that would have elicited Holtan's mistaken belief, *State v. Miller*, 202 Neb. 443, 275 N.W.2d 614 (1979), is not applicable here.

9. By this, we do not mean to say that the Nebraska courts could not find that he was entitled as a matter of right to withdraw his plea; we merely state that we are not certain that the Nebraska courts would, in fact, so hold.

probability that he would have succeeded in such a request, then an adequate showing of prejudice has been made.

We do not now direct issuance of the writ of habeas corpus nor do we either suggest or require vacation of Holtan's conviction. Rather, we vacate the judgment of the district court and remand for further proceedings.

If within a reasonable time to be fixed by the district court appellant shall by appropriate pleading request of the Nebraska courts leave to withdraw his plea of nolo contendere, and if a Nebraska state court of competent jurisdiction entertains that pleading and stays execution pending its consideration of appellant's case, then the district court shall dismiss the habeas petition without prejudice. Should Nebraska decline to entertain appellant's case, the district court shall issue its writ of habeas corpus conditioned as justice may require.

Should appellant fail to seek state court leave to withdraw his plea within the time authorized by the district court, that court shall dismiss the habeas petition, and such dismissal shall be with prejudice as to all ineffective assistance issues raised before that court.

Further, because state court action on appellant's request may render moot the remaining issues raised in this appeal, we decline to decide those issues at this time.

Judgment vacated and cause remanded for further proceedings consistent with this opinion.