STATE OF NEBRASKA, APPELLEE, V. JOHN CARL EUTZY, APPELLANT.

172 N. W. 2d 94

Filed November 14, 1969. No. 37222.

A. Q. Wolf and Thomas D. Carey, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

On June 29, 1967, defendant was charged with issuing a "no-account" check with intent to defraud. On arraignment in the district court, defendant entered a plea of nolo contendere and was found guilty on February 26, 1968. On October 16, 1968, the defendant, having appeared for sentence, requested leave to withdraw his plea of nolo contendere and enter a plea of not guilty. The trial court denied the defendant leave to change his plea and from this ruling defendant appeals.

On February 26, 1968, defendant was arraigned and entered a plea of nolo contendere. Before accepting this plea, the trial court ascertained that defendant had employed legal counsel who was with him at the hearing. The trial court advised defendant of the nature, elements of the crime charged, and the minimum and maximum penalties to which a plea of guilty or nolo contendere would subject him. He was fully advised of his right to trial, degree of evidence, right of cross-examination,

confrontation of witnesses, presumption of innocence, and his right not to testify, all of which he said he understood. He stated that no force, threats, coercion or inducements had been applied or extended to him. He stated further that he had discussed the matter at length with his attorney, understood the effect of his plea, and was ready to enter it at that time. The trial court thereupon accepted his plea and entered a finding of guilt. Sentence was deferred pending a presentence investigation.

The record shows that defendant furnished bail and was out on bond until September 13, 1968, after which time his bond was forfeited for his failure to appear in accordance with its terms. Defendant failed to appear for sentence primarily because he was confined from July 11, 1968, to October 10, 1968, in the Lancaster County jail in Lincoln on a conviction and sentence for petit larceny. When brought before the court for sentence on October 16, 1968, he requested leave to withdraw his previous plea and enter one of not guilty. He asserted that he did not understand his previous plea and that he had the impression gained from inferences that he would not receive a sentence of more than 6 months. The questions by the trial court and defendant's answers thereto at the arraignment completely destroy the credibility of defendant on this point. The close questioning by the court and the clarity of defendant's answers in the presence of his counsel dispel the validity of his claim that he did not understand the effect of his plea.

Before sentence was imposed, defendant requested that he be examined by a psychiatrist for the benefit of the court. The court granted his request and defendant was examined by two psychiatrists. Dr. John L. Blodig filed a report substantially as follows: Defendant's I.Q. was clinically estimated to be above the range of normal. There was no evidence of disturbance in thought production or progression. He was well ori-

ented to time, person, and place. He was described as a psychopathic personality. A trial psychotherapy and drug therapy was recommended. We find nothing in the foregoing report to indicate any mental disability sufficient to relieve defendant from a sentence for the crime charged. Dr. C. H. Farrell likewise found a history of marked instability and emotional immaturity without indication of a frank psychosis. Defendant was described as a psychopathic personality and that he could aid in his own defense. After a consideration of this evidence, and on December 4, 1968, defendant was sentenced to the Nebraska Penal and Correctional Complex.

We find that defendant knowingly, voluntarily, and understandingly entered his plea of nolo contendere and that no basis exists for withdrawing such plea and the finding of guilt based thereon. A mere change of mind after the completion of a presentence investigation does not warrant a change of procedure and a new trial at the whim of a defendant who acted with full knowledge of the import and consequences of his plea, particularly when it was done with the assistance of competent legal counsel.

AFFIRMED.

SMITH and McCOWN, JJ., concurring in the result.

We would affirm on authority of section 2.1, A.B.A., Standards Relating to Pleas of Guilty (Approved Draft, 1968).