STATE OF NEBRASKA, APPELLEE, V. VICTOR JOURNEY, APPELLANT.

184 N. W. 2d 616

Filed March 12, 1971. No. 37713.

Charles H. Beatty of Mitchell & Beatty, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

The original opinion entered in this case may be found *ante* p. 416, 183 N. W. 2d 494. Due to what now appears to be an unwise curtailment of that opinion some confusion has been engendered. For this reason we now delve more deeply into the circumstances surrounding this case.

Defendant was prosecuted under section 28-450, R. R. S. 1943. That section provides that *each* failure to pay a *separate installment* of support money as provided in the divorce decree *shall be a separate offense.* Section 29-110, R. S. Supp., 1969, provides that one committing a felony, with certain exceptions not here applicable, may only be prosecuted within 3 years next following the commission of the offense. The complaint against defendant charges a failure to pay a child support payment

accruing in May 1966. It was not filed until June 27, 1969. It is consequently obvious that the statute of limitations had run on the charge to which defendant entered a plea of guilty.

Whether or not a plea of guilty waives the defense of the statute of limitations is not material here. The defendant, obviously without knowledge of the applicability of this defense, entered a plea of guilty. He then, before sentence, requested the appointment of counsel to represent him. This was denied and the denial renders it necessary to examine the consequences.

In this post conviction action the denial of counsel is assigned as error. We agree, as stated in our original opinion, that it was error. Had competent counsel been appointed he would undoubtedly have noted the availability of the defense that the statute of limitations had run and may have found it advisable to move for a withdrawal of the plea of guilty. We have held that leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury. See, Jurgenson v. State, 166 Neb. 111, 88 N. W. 2d 129; State v. Pitzel, 181 Neb. 176, 147 N. W. 2d 524.

In the present instance, the plea of guilty may have been "inadvisable." The failure to appoint an attorney renders it necessary to set aside the sentence. This failure also prejudicially affected the right of the defendant to move for a withdrawal of his plea of guilty. It is for the defendant and his counsel to determine, in the light of other defenses, if any, whether a motion for withdrawal of the plea previously entered or other proceedings are advisable.

REVERSED AND REMANDED FOR FURTHER
PROCEEDINGS.