STATE OF NEBRASKA, APPELLEE, v. ARTIS JOHNSON, APPELLANT.

187 N. W. 2d 99

Filed May 21, 1971. No. 37800.

Owen A. Giles, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant, Artis Johnson, appeals from a conviction based on his plea to an amended information charging him with the crime of manslaughter. He alleges that the court below erred in accepting his plea in the absence of any showing that it was freely, voluntarily, and intelligently entered; in failing to make inquiry of him as to the factual basis of his plea; and in overruling his pro se motion to withdraw his plea. We affirm.

Defendant was originally charged with the crime of second degree murder. The case proceeded to trial on that offense. After counsel had passed the jurors for cause the defendant through counsel, pursuant to plea discussions with the prosecution, advised the court that he wished to plead guilty to a charge of manslaughter in accordance with a plea bargain. The prosecution dismissed the charge for second degree murder and filed an amended information charging the defendant with manslaughter. After the defendant entered a plea of guilty to the amended charge of manslaughter, the jury impaneled on the charge of second degree murder was dismissed.

When the defendant was arraigned on the amended complaint he said, "Well, I really want to try it now." He had a conference with his lawyer and the court explained the penalty for second degree murder and the penalty for manslaughter, which was 1 to 10 years. After considerable hedging in an attempt to learn the exact sentence and whether he could still be tried on the original complaint, the following colloquy took place: "THE COURT: Mr. Johnson, we don't want any pleading guilty to anything that we are not guilty of. We have a jury right down the hall and we had them in

the Court Room on the other charge and we were in the course of beginning the trial. If you are not guilty of this charge, I am not going to accept a plea of guilty. I don't want any wishy-washy pleas here. Either you are entering a plea of guilty to manslaughter, waiving your right to a trial by jury, waiving the obligation upon the State to call witnesses against you and prove your guilt beyond a reasonable doubt, so if you have any hesitancy whatsoever as to whether or not you are guilty of this charge, we will enter a plea of not guilty and I imagine the County Attorney's Office will reinstate the charge of second degree murder and we will proceed with the charge of second degree murder. THE DEFENDANT: I will enter this plea of guilty."

The court then explained the nature of the charge to the defendant, and the following occurred: "THE COURT: All right, sir, how do you plead to the charge of manslaughter, guilty or not guilty? THE DEFENDANT: Not guilty. THE COURT: Not guilty? THE DEFEND-ANT: Yes, sir. MR. FOREHEAD: May I, Your Honor? If you plead not guilty to a manslaughter charge, there is no reason why Mr. Brown won't reinstate the second degree murder charge against you and proceed to try it on that basis. So, if you plead not guilty, we are going to go—we are going to be in the same position before we started to impanel the jury. There will be a second degree charge against you which covers the penalty up to life imprisonment. Now, you are now being asked whether you want to plead guilty to manslaughter, which carries a penalty of from one to ten years. THE DEFEND-ANT: This is what I was asking when I said not guilty—you said that the charge would go back up, you know, and I don't want that. THE COURT: You mis-understood my question. What I am asking you to do is to plead guilty or not guilty to the charge of man-slaughter. THE DEFENDANT: I plead guilty to the charge of manslaughter." Previous to accepting the plea, the court was assured by the prosecution that there was

sufficient evidence to prove the guilt of the defendant beyond a reasonable doubt.

This case is not too different from North Carolina v. Alford, 400 U. S. 25, 91 S. Ct. 160 (1970), 27 L. Ed. 2d 162, where a plea bargain was upheld and the plea of guilty was ruled valid notwithstanding the defendant's refusal to factually admit the offense charged. As we said in State v. Turner, 186 Neb. 424, 183 N. W. 2d 763, a plea of guilty must not only be intelligent and voluntary to be valid but the record must disclose the defendant entered his plea understandingly and voluntarily. We have no hesitancy in finding that defendant's guilty plea was freely, voluntarily, and intelligently entered. He fully understood that by pleading guilty to manslaughter he was avoiding a trial for second degree murder for which a jury had been impaneled to try him. By virtue of the plea bargain agreement, the original charge was reduced to manslaughter and the jury dismissed. Defendant is obviously attempting to abuse the plea bargaining process. To permit it would seriously weaken and tend to undermine and possibly destroy a beneficial procedure which has been specifically approved by the United States Supreme Court. See, Brady v. United States, 397 U. S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747; North Carolina v. Alford, 400 U. S. 25, 91 S. Ct. 160 (1970), 27 L. Ed. 2d 162.

It is evident from the record that defendant, who had a previous felony conviction, was anxious to avoid trial on the second degree murder charge, and after the plea bargain was accepted if he could be sure that the State could not reinstate the original charge, wanted to go back on it and to stand trial on the lesser complaint. The court cannot permit such subterfuge.

After accepting the plea and finding the defendant guilty as charged, the court continued the matter for a presentence report. Defendant infers that at the time sentence was pronounced he made an effort to withdraw his guilty plea. The following is the record re-

.ferred to by defendant: "THE DEFENDANT: I didn't know I was making a deal to plead. THE COURT: We .didn't make any deal at all. I. explained to you very carefully what the charge was. What do you mean 'a deal,' a deal to plead? THE DEFENDANT: I wanted the charge broke down, but I didn't know where I wouldn't go to trial. THE COURT: I spent a half hour with you that day going over every aspect of the thing with you, Mr. Johnson. I told you at that time we weren't going to play games on this, the jury was here, you consulted with your counsel, and I went over every detail of this matter with you. Is there anything you want to say in your behalf before sentence is pronounced?" We do not construe this as a motion to withdraw the plea. In any event, however, in a situation such as this, a motion to withdraw a plea of guilty should be sustained only if the defendant proves that withdrawal is necessary to correct a manifest injustice and defendant must establish such grounds by clear and convincing evidence. Defendant has not met this burden.

The judgment is affirmed.

AFFIRMED.