STATE OF NEBRASKA, APPELLEE, v. JAMES S. HYSLOP, APPELLANT.

202 N. W. 2d 595

Filed December 1, 1972. No. 38462.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The defendant, 29 years of age, with 6 or 7 years of college education, and who was represented by counsel at all stages of the proceedings, pleaded nolo contendere

to the charge of willfully uttering an insufficient fund check. He appeals from the judgment and sentence of the district court on that charge. We affirm the judgment of the district court.

The defendant contends generally that he was not advised of the nature and elements of the charge against him. The record shows that on two occasions during the arraignment, the defendant was asked whether he had read the information and whether he had any questions at all about the charge against him. The defendant directly answered that he had read the amended information and that he had no questions about the charge. The defendant's own counsel then asked the defendant whether or not they had discussed the matter and whether the defendant understood the essentials of the charge. The defendant, in response to these questions from his own counsel, answered in the affirmative.

It is obvious, without further discussion, that there is no merit to this contention. The trial court's interrogation and the answers of the defendant show full compliance with the basic standard of taking a plea of guilty set out by this court in State v. Turner, 186 Neb. 424, 183 N. W. 2d 763, in which we stated that the standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. We point out further that Section 1.4 of the A. B. A. Standards Relating to Pleas of Guilty (Approved Draft, 1968), provides that the trial judge should address the defendant personally and determine whether he understands the nature of the charge and that the commentary to this section provides generally that the responsibility of the judge varies, depending upon all the circumstances as to the complexity and comprehensibility of the charge and the defendant's intelligence, education, age, and experience. It is clear from the record that there was full compliance with the basic standards for taking

the plea and also that the defendant had a full understanding of the nature of the charge and the offense and the possible impact of his plea. It appears further, from the record, that the defendant had on previous occasions been charged with offenses of the same general nature to which he pleaded nolo contendere here.

The defendant again contends that the court failed to make a proper inquiry as to the factual basis of his plea. This contention, in his brief, is founded upon an argument that Section 1.6 of the A. B. A. Standards Relating to Pleas of Guilty (Approved Draft, 1968), states that no judgment should be entered on a plea of guilty before the court has made such an inquiry so as to satisfy itself that there is a basis in fact for the plea. This argument fails basically, because the defendant here entered a plea of nolo contendere, and the very purpose of the plea is to afford a defendant an opportunity to avoid an outright admission of facts as the basis for the plea of nolo contendere. Neither the court nor the defendant is required to take a paradoxical position in the application of this standard with relation to a plea of nolo contendere. The commentary to Section 1.6 of the A. B. A. Standards Relating to Pleas of Guilty states as follows: "Consistent with the position taken in the recent revision of Federal Rule 11, inquiry into accuracy is not required when the defendant enters a plea of nolo contendere. * * * For one thing, the risk of inaccuracy when a nolo plea is tendered is relatively slight, as in such cases there is usually a sophisticated defendant, * * * who has been fully advised by retained counsel. Moreover, the advantages to be gained from such a plea might be diminished or lost if there were a subsequent inquiry into the underlying facts."

We observe that the court went as far as was possible in this respect. It asked the following question of the defendant: "* * * do you plead guilty because you did what is actually charged against you in the

Information, or because at least you are convinced that should you go to trial on this Information the jury would find you guilty?" The defendant then answered that he so pled for at least one of those two reasons. There is no merit to this contention.

We have examined the other contentions of the defendant and they are without merit. Examining the record as a whole in this case, it is clear that the defendant was fully informed of the charge against him and that the court made as full an inquiry as possible into the factual basis of the nolo contendere plea. The defendant was represented by counsel, was an educated and sophisticated person, fully conversant with the nature of the offense he was charged with from previous experience, and knowingly, voluntarily, and understandingly entered the plea that he made.

The judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.