STATE OF NEBRASKA, APPELLEE, v. KENNETH J. FREEMAN, APPELLANT.

226 N. W. 2d 351

Filed February 27, 1975. No. 39671.

Frank B. Morrison, Sr., and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

After a plea of nolo contendere to robbery, the defendant was sentenced to imprisonment for 5 to 7 years. He has appealed and contends the trial court erred in refusing him permission to withdraw the plea.

The defendant had been placed on probation in December 1972, for larceny from the person. He was on probation on April 7, 1974, the time of this offense. He was originally charged with robbery and use of a firearm in commission of a felony. Pursuant to a plea bargain, the State agreed to drop the second charge and not prosecute for violation of probation.

The defendant was represented by private counsel throughout the proceedings in the District Court. The arraignment in the District Court complied with all constitutional requirements and the record shows the plea was a voluntary and intelligent choice among available alternatives.

On April 23, 1974, four days after the arraignment, the defendant appeared in open court and made an oral

motion to withdraw his plea. The defendant stated he had taken medication the night before the arraignment, was drowsy at the time of the arraignment, and there were a lot of things he didn't understand. The trial court stated the defendant had appeared to be normal at the time of the arraignment and refused to consider the oral motion. The trial court instructed the defendant and his lawyer to file a written motion stating grounds for withdrawal of the plea upon which an evidentiary hearing could be held. No written motion was ever filed and the record does not show what medication the defendant had taken the night before the arraignment.

The defendant appeared for sentencing on May 24, 1974. When asked if he had anything to say before being sentenced the defendant requested the sentencing be delayed. No formal grounds for a continuance were stated. The trial court noted the defendant had been arrested 14 times during his probation and proceeded to impose sentence.

For the purposes of this case, the plea of nolo contendere was equivalent to a plea of guilty. A plea of guilty made with full knowledge of the charge and the consequences of the plea will not be permitted to be withdrawn in the absence of fraud, mistake, or other improper means used in its procurement. State v. Williams, 191 Neb. 57, 213 N. W. 2d 727. A motion to withdraw a plea of guilty should be sustained only if the defendant proves withdrawal is necessary to correct a manifest injustice and the grounds are established by clear and convincing evidence. State v. Johnson, 187 Neb. 26, 187 N. W. 2d 99.

There is no showing of a manifest injustice in this case. The defendant had ample opportunity to file a written motion and make a formal showing if any grounds existed to permit a withdrawal of the plea. The record does not sustain the defendant's claim of error in refusing to permit withdrawal of the plea.

The judgment of the District Court is affirmed.

AFFIRMED.