STATE OF NEBRASKA, APPELLEE, v. MAX ABRAMSON,
APPELLANT.
STATE OF NEBRASKA, APPELLEE, v. PAUL CAPPELLANO, JR.,
APPELLANT.
STATE OF NEBRASKA, APPELLEE, v. WAYNE V. WOMOCHIL,
APPELLANT.
247 N. W. 2d 59

Filed December 1, 1976. Nos. 40660, 40661, 40662, 40663, 40664, 40665,
40666, 40667, 40674, 40675, 40676, 40677.

David L. Herzog and William T. Weisbecker, for appellants.

Herbert M. Fitle, Gary P. Bucchino, and George A. Sutera, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.
The defendants were charged with gambling. Initially they pleaded not guilty and moved to suppress evidence acquired by a wiretap, claiming that the statute under which the tap was authorized was unconstitutional. After the municipal court overruled the motions, the defendants changed their pleas to nolo contendere pursuant to a plea bargain. The court accepted the pleas and sentenced the defendants as follows: Defendant Abramson was fined $1,550 and costs; defendant Cappellano was sentenced to 25 days in county jail; and defendant Womochil was sentenced to 30 days in county jail. The sentences were affirmed in the District Court.

On appeal to this court the defendants contend that the convictions should be reversed because the Nebraska wiretap statute, section 86-703, R. R. S. 1943, is unconstitutional in allowing wiretaps in misdemeanor gambling investigations. The only issue here is whether a plea of nolo contendere waives the right to test the statute's constitutionality. We affirm.

A plea of nolo contendere is equivalent to, and places a defendant in the same position as, a plea of guilty. State v. Hylton, 175 Neb. 828, 124 N. W. 2d 230; State ex rel. Nebraska State Bar Assn. v. Stanosheck, 167 Neb. 192, 92 N. W. 2d 194. A plea of guilty embodies a waiver of every defense to the charge whether procedural, statutory, or constitutional. State v. Griger, 190 Neb. 405, 208 N. W. 2d 672; State v. Mason, 187 Neb. 675, 193 N. W. 2d 576; State v. Workman, 186 Neb. 467, 183 N. W. 2d 911. It is undisputed that the pleas were voluntary and intelligently made. The only defense not waived by a plea of guilty is that the information is not sufficient to charge an offense. Wolff v. State, 172 Neb. 65, 108 N. W. 2d 410. There is no claim by the defendants that the informations do not state offenses, or that the statute defining the crime is unconstitutional, only that evidence of the offenses was unconstitutionally obtained. Such a claim is waived by a plea of nolo contendere.

AFFIRMED.