STATE OF NEBRASKA, APPELLEE, v. PHILLIP R. KLUGE, APPELLANT.

251 N. W. 2d 737

Filed March 23, 1977. No. 40933.

Paul E. Watts, J. Joseph McQuillan, Gerald E. Moran, and Robert C. Sigler, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

In an information filed in the District Court for Douglas County on May 15, 1975, under section 28-533, R. R. S. 1943, the defendant and appellant herein, Phillip R. Kluge, was charged with willfully and maliciously entering a dwelling house and attempting to kill, disfigure, or maim a young girl. The defendant originally pled not guilty, but was subsequently permitted to withdraw that plea. He then pled nolo contendere to the charge on July 14, 1975, was found guilty, and was sentenced to imprisonment for a term of 3 years. The defendant appealed to this court from that sentence on the ground that it was excessive. This court affirmed the sentence. State v. Kluge, 196 Neb. 41, 241 N. W. 2d 354 (1976). On May 17, 1976, the defendant filed a motion for new trial in the District Court on the ground of newly discovered evidence. On June 23, 1976, the defendant moved to vacate his sentence and to withdraw his plea on the same ground, and for other reasons not at issue on this appeal. Hearing was had in the District Court on both motions, which were overruled. The defendant now appeals to this court, contending that the District

Court erred in overruling his motions. We affirm.

The evidence presented in the hearing on the motions consisted of the testimony of the defendant and Joseph E. Sinnett. Sinnett stated that he was with the defendant on the day of the crime, and that he and the defendant were drinking at bars in Omaha. The defendant became drunk and out of control, and Sinnett offered him some amphetamine tablets to ''sober him up.'' The defendant took a box of tablets, went to the restroom, and when he came back, four amphetamine tablets were missing from the box. Sinnett and the defendant remained at the bar for 2 hours after this incident occurred, and Sinnett then went home. The defendant stated that he could recall nothing about taking the tablets, and could remember nothing which occurred on the evening of the crime other than the fact that he was drunk and at a bar.

Sinnett stated that he had not come forward with his testimony at the time the defendant was arrested because he feared being prosecuted for possession of amphetamines. He was now willing to testify because the prosecutor had given him immunity. The defendant acknowledges that Sinnett's potential testimony was known to him at the time he entered his plea, but contends that the testimony was unavailable to him because Sinnett was unwilling to come forward at that time.

The defendant contends that the above evidence was sufficient to support his motion for a new trial under section 29-2101, R. R. S. 1943, which provides that a new trial, after a verdict of conviction, may be granted for the reason of ''newly discovered evidence material for the defendant which he could not with reasonable diligence have discovered and produced at the trial.'' The defendant also contends that the evidence at the hearing was sufficient to support his motion to withdraw his plea of no contest and to vacate his conviction and sentence. The thrust of the defendant's argument is that, had Sinnett's testimony

been available earlier, he could have pled not guilty and might have successfully raised the defense that he was too intoxicated at the time of the crime to have formed the necessary criminal intent.

We first note that a motion for new trial on the ground of newly discovered evidence is not appropriate where a defendant has entered a plea of guilty or no contest. A guilty plea waives all defenses to the crime charged, whether procedural, statutory, or constitutional. State v. Nokes, 192 Neb. 844, 224 N. W. 2d 776 (1975); State v. Griger, 190 Neb. 405, 208 N. W. 2d 672 (1973). A plea of no contest is equivalent to, and places a defendant in the same position as, a plea of guilty. State v. Abramson, 197 Neb. 135, 247 N. W. 2d 59 (1976); State v. Neuman, 175 Neb. 832, 125 N. W. 2d 5 (1963). By entering a plea of no contest, therefore, the defendant waived all defenses to the crime charged. As a consequence, the issue in this case is whether the District Court erred in overruling the defendant's motion to withdraw his plea and vacate his conviction and sentence.

This court approved and adopted the American Bar Association Standards Relating to Pleas of Guilty as minimum standards in State v. Turner, 186 Neb. 424, 183 N. W. 2d 763 (1971), and has adhered to those standards with reference to withdrawal of guilty pleas. State v. Evans, 194 Neb. 559, 234 N. W. 2d 199 (1975). Section 2.1 of those standards provides:

"(a) The court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice. * * *

"(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for

any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea." Section 2.1 also provides that withdrawal of the plea is necessary to correct a manifest injustice whenever the defendant proves that he was denied the effective assistance of counsel, that the plea was not entered or ratified by the defendant, that the plea was involuntary or unknowing, or that the prosecution has failed to abide by a plea agreement.

This court has held on numerous occasions that a motion to withdraw a plea of guilty or nolo contendere should be sustained only if the defendant proves withdrawal is necessary to correct a manifest injustice and the grounds for withdrawal are established by clear and convincing evidence. State v. Freeman, 193 Neb. 227, 226 N. W. 2d 351 (1975); State v. Daniels, 190 Neb. 602, 211 N. W. 2d 127 (1973); State v. Johnson, 187 Neb. 26, 187 N. W. 2d 99 (1971). When a plea of guilty or nolo contendere is made with full knowledge of the charge and the consequences of the plea, it will not be permitted to be withdrawn in the absence of fraud, mistake, or other improper means used in its procurement. State v. Williams, 191 Neb. 57, 213 N. W. 2d 727 (1974); State v. Eutzy, 184 Neb. 755, 172 N. W. 2d 94 (1969).

The defendant in this case concedes that his plea was entered voluntarily, with understanding as to its effect, and with knowledge of the potential testimony of Sinnett. The defendant contends, however, that his plea was given "inadvisedly," and that State v. Journey, 186 Neb. 556, 184 N. W. 2d 616 (1971), mandates reversal in this case. In Journey, a defendant entered a plea without the assistance of an attorney. We held that the defendant should be allowed to withdraw his plea for this reason, stating that leave may be given to withdraw a plea where it was entered inadvisedly if any reasonable ground is offered for going to the jury.

The situation present in State v. Journey, *supra,* is obviously distinguishable from the one present in this case. Here defendant was represented by counsel; and his plea was not entered inadvisedly, but with full knowledge of all relevant factors. There was no evidence at the hearing below as to the measures the defendant took, before entering his plea, to secure the testimony of Sinnett. Furthermore, Sinnett's testimony was not required to present a defense, for the defendant could have elected to go to trial without such testimony and present his defense by his own, or any other, testimony that he was too intoxicated to form the requisite criminal intent. He chose to plead no contest. This is clearly not a case where granting leave to withdraw the plea is necessary to correct a manifest injustice, and the trial court's refusal to do so was not error. State v. Evans, *supra*; State v. Lewis, 192 Neb. 518, 222 N. W. 2d 815 (1974). The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., concurring.

I concur in the portion of the opinion insofar as it pertains to the determination of the motion for a new trial under section 29-2101, R. R. S. 1943. I also concur in the result.

I believe it is unnecessary to discuss the matter of withdrawal of the plea of guilty. This was not a post conviction proceeding nor an application for a writ of error coram nobis. The defendant pled no facts which would have entitled him to relief under either of these two remedies. He does not even plead that his plea of nolo contendere was involuntarily entered.

The judgment of conviction having become final, the District Court had no power to entertain a motion to set aside the conviction apart from a proper exercise of one of the three above remedies. I write this concurrence solely because I fear that the extended discussion of withdrawal of the plea in the opinion may lead some to the conclusion that the trial

court may, apart from the above three remedies, permit withdrawal of a plea of nolo contendere or guilty after it has become final.