STATE OF NEBRASKA, APPELLEE, V. REGINALD COUNTRY, APPELLANT.

276 N. W. 2d 110

Filed March 6, 1979. No. 42192.

Reginald Country, pro se.

Paul L. Douglas, Attorney General, and Lynne Fritz, for appellee.

Heard before KRIVOSHA, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

In 1974, defendant Reginald Country entered a plea of nolo contendere to a charge of forcible rape, and, pursuant to a plea bargain, a second count charging him with being an habitual criminal was dismissed. He was sentenced to serve 10 to 30 years in the Nebraska Penal and Correctional Complex. On appeal to this court, the sentence was affirmed. State v. Country, 194 Neb. 570, 234 N. W. 2d 593.

In November 1975, defendant filed a "motion to vacate" in the District Court, alleging excessiveness of sentence, the plea was not knowingly made, and defendant had not been adequately represented by counsel. The motion was overruled without a hearing and no appeal was ever taken.

In July 1977, defendant filed a second "motion to vacate and set aside sentence." He again alleged the plea was not knowingly entered and added that the trial court had failed to ascertain whether there was a factual basis for the plea. He then repeated his allegation that he had been inadequately represented by counsel in that counsel had neglected to interview certain witnesses who would testify favorably to defendant and had generally failed to pursue defendant's interests in the case or inform defendant of his rights. Three affidavits favorable to the defendant and signed by the witnesses in

question were attached to the petition.

An attorney was appointed to represent defendant and an evidentiary hearing was held pursuant to section 29-3001, R. R. S. 1943. Following the hearing, the trial court held the plea was freely and voluntarily entered after defendant had been fully advised of his rights by the trial court, there was a sufficient factual basis for the plea, and defendant had been adequately represented by counsel at all stages of the proceedings.

Defendant now appeals pro se to this court, assigning as error each of the above holdings. We affirm.

Defendant had initially entered a plea of not guilty to the charge of rape. When an amended information additionally charging him with being an habitual criminal was served on him, he called his attorney and asked that a plea bargain be arranged whereby defendant would agree to plead nolo contendere to the charge of rape if the habitual criminal charge was dismissed. The county attorney agreed to the bargain and a second arraignment was held the day after defendant had called his attorney.

An examination of the transcript of the second arraignment shows defendant was fully advised of his constitutional rights and voluntarily waived them. It is clear from the record and the information that defendant was advised of the essential elements of the crime of rape. The court told defendant there was no real issue as to whether intercourse had occurred and stressed that trial of the case would involve "a rather difficult factual and legal question as to how much force was used, and also how much force would be necessary." Defendant nevertheless insisted he wanted to enter the plea in order to avoid the habitual criminal charge. A plea of guilty or nolo contendere is not involuntary because it is induced by the filing of an habitual criminal charge. State v. Reed, 187 Neb. 792, 194 N. W. 2d 179. The record shows the court was well apprised of the

factual basis for the charge. Although questioning the defendant as to the factual basis is not required where the defendant enters a plea of nolo contendere, State v. Hyslop, 189 Neb. 331, 202 N. W. 2d 595, the court must satisfy itself that there is a factual basis for the charge.

Defendant's claim that he was inadequately represented by counsel is also without merit. The only allegation in this area which is supported by the evidentiary hearing is that counsel had not, as of the time the nolo contendere plea was entered, interviewed three witnesses who might have testified on defendant's behalf. While this argument might have had merit had the case proceeded to trial, it is inapplicable where, as here, trial was avoided by a plea bargain instituted at the defendant's request.

A guilty or nolo contendere plea waives every defense to the charge, whether the defense is procedural, statutory, or constitutional. State v. Kluge, 198 Neb. 115, 251 N. W. 2d 737; State v. Griger, 190 Neb. 405, 208 N. W. 2d 672. Once defendant's plea was accepted, the potential testimony of witnesses on his behalf became irrelevant.

AFFIRMED.