STATE OF NEBRASKA, APPELLEE, V. WILLIAM G. HILL, APPELLANT.

285 N. W. 2d 229

Filed November 13, 1979. No. 42513.

Rosenberg & Yungblut and Stephen K. Yungblut, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

The defendant, William G. Hill (hereinafter referred to as Hill), has appealed to this court from a denial of his motion to withdraw his plea of nolo contendere to first degree sexual assault. We affirm.

On July 1, 1977, Hill was charged with first degree sexual assault and with assault with intent to commit sodomy. A preliminary hearing on said charge was held on December 16, 1977, and the court found that probable cause existed that Hill committed said offenses. He was bound over to the District Court and arraigned on February 1, 1978, at which time he entered a plea of not guilty to both counts. Trial was set for April 26, 1978. On April 24, 1978, a hearing was held on motions made by Hill for a change of venue and for a continuance, which motions were denied. Later that day, pursuant to a plea bargain, Hill withdrew his plea of not guilty to the first count and entered a plea of nolo contendere to that charge, following which the second count was dismissed. Sentencing was set for June 7, 1978, but was postponed because of Hill's desire and subsequent motion to initiate sexual sociopath proceedings. Although his motion was overruled, such proceedings were later initiated upon the court's own motion.

Hill was examined pursuant to the sexual sociopath act and found to fit within the legal definition of a sexual sociopath. New counsel was retained by Hill, and on October 4, 1978, hearing was had on a motion to withdraw the plea of nolo contendere, which motion was denied, then renewed on October 26, 1978, and again denied. On November 1, 1978, the sexual sociopath proceedings were dismissed at Hill's request. Hill was sentenced on November 20, 1978, to imprisonment for a term of from 7 to 14 years on the charge.

Hill assigns four errors relating to the validity of the nolo contendere plea, contending generally that it was not voluntarily and intelligently made. The specific assignments of error are separately discussed later in this opinion.

The principles which govern in this case were set out by us in State v. Kluge, 198 Neb. 115, 251 N. W. 2d 737 (1977): "This court approved and adopted the

American Bar Association Standards Relating to Pleas of Guilty as minimum standards in State v. Turner, 186 Neb. 424, 183 N. W. 2d 763 (1971), and has adhered to those standards with reference to withdrawal of guilty pleas. State v. Evans, 194 Neb. 559, 234 N. W. 2d 199 (1975). Section 2.1 of those standards provides:

" '(a) The court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice. * * *

" '(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.' Section 2.1 also provides that withdrawal of the plea is necessary to correct a manifest injustice whenever the defendant proves that he was denied the effective assistance of counsel, that the plea was not entered or ratified by the defendant, that the plea was involuntary or unknowing, or that the prosecution has failed to abide by a plea agreement.

"This court has held on numerous occasions that a motion to withdraw a plea of guilty or nolo contendere should be sustained only if the defendant proves withdrawal is necessary to correct a manifest injustice and the grounds for withdrawal are established by clear and convincing evidence. State v. Freeman, 193 Neb. 227, 226 N. W. 2d 351 (1975); State v. Daniels, 190 Neb. 602, 211 N. W. 2d 127 (1973); State v. Johnson, 187 Neb. 26, 187 N. W. 2d 99 (1971). When a plea of guilty or nolo contendere is made with full knowledge of the charge and the

consequences of the plea, it will not be permitted to be withdrawn in the absence of fraud, mistake, or other improper means used in its procurement. State v. Williams, 191 Neb. 57, 213 N. W. 2d 727 (1974); State v. Eutzy, 184 Neb. 755, 172 N. W. 2d 94 (1969)."

The comments to section 2.1 of the American Bar Association Standards Relating to Pleas of Guilty make it clear that the evidence required to prove a manifest injustice must be more than a mere failure to meet a procedural requirement. "For example, a defendant who alleged he was unaware of the charge to which he pleaded would find it extremely difficult to show grounds for withdrawal if the record established that the judge, as required by section 1.4, advised him of the charge. On the other hand, if the record indicated that the judge did not so advise the defendant, the *defendant would still have to put in additional evidence tending to show that he was not otherwise aware of the charge.*" (Emphasis supplied.) Comment, section 2.1 (a) (ii), ABA Standards Relating to Pleas of Guilty. Such comment makes it clear that the burden of proof on the question of manifest injustice rests upon the defendant. With the foregoing principles in mind, we now examine Hill's specific assignments of error.

Hill first contends that manifest injustice resulted when the trial court failed to advise him of the waiver of his constitutional right to a jury trial. The record is clear that the trial court did indeed fail to so advise Hill of that right at the time of his entry of the nolo contendere plea. However, such failure, in and of itself, does not require us to alter the decision of the trial court on Hill's motion. In fact, we reject this contention on two grounds. First, we believe Hill failed to meet the burden of proof which is required to show manifest injustice. The record is absolutely clear that Hill was aware of his right to a

jury trial at the time of his entry of the nolo contendere plea. As the comments to section 2.1, ABA Standards, *supra*, indicate, Hill has the burden of proving that he was unaware of the waiver of this right. We believe that Hill failed to prove by clear and convincing evidence that he was unaware of the waiver of his right to a jury trial. Having failed to meet his burden of proof, Hill failed to establish manifest injustice as to this issue. See, also, Bond, Plea Bargaining and Guilty Pleas, §§ 7.11 (4) and (5), p. 325 (1978).

We likewise reject this contention for a second reason. This court has never adopted a strict, ritualistic approach for trial courts to follow when reviewing a defendant's constitutional rights before accepting a guilty plea. State v. Turner, 186 Neb. 424, 183 N. W. 2d 763 (1971); State v. Kluge, *supra*; State v. Fowler, 201 Neb. 647, 271 N. W. 2d 341 (1978); State v. Curnyn, 202 Neb. 135, 274 N. W. 2d 157 (1979). We have adopted the following standard with reference to guilty pleas: "Before accepting a guilty plea a judge is expected to sufficiently examine the defendant to determine whether he understands the nature of the charge, the possible penalty and the effect of his plea." State v. Turner, *supra*.

Hill contends that the ABA Standards Relating to Pleas of Guilty are the minimum standards which are controlling herein. With that we agree. Hill is likewise correct in his contention that the court must inform a defendant that entry of a plea of nolo contendere or guilty will waive a right to trial by jury, and that he was not informed in those exact words. However, as previously stated, such information need not be given in a strict, ritualistic manner. The record discloses that Hill was represented by competent counsel at all stages of the proceedings. It is clear Hill entered his nolo contendere plea pursuant to his plea bargain. His counsel stated at that time: "After hearing the plea bargain, he [Mr. Hill] feels

that it would be the best thing to do for him, to avoid a trial in this matter, * * *." The trial court likewise informed Hill that acceptance of the nolo contendere plea would operate as follows: "* * * you will be subjecting yourself to the penalty all to the same extent *as if you had been adjudged guilty by a jury or found guilty by a jury after a trial* or had entered a voluntary and intelligent plea of guilty." (Emphasis supplied.) While the affirmative waiver of a right to jury trial might not have been elicited in the most direct form possible, the substance of the proceedings indicates a waiver of such right was made by Hill, notwithstanding his claim to the contrary. We therefore reject Hill's first assignment of error.

Hill next contends that the failure of the trial court to inform him of the possibility of sexual sociopath proceedings being instituted against him amounted to manifest injustice. In particular, Hill relies on section 1.4 (c) (iii) of the ABA Standards, *supra*, which provides: "The court should not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and * * * (c) informing him: * * * (iii) when the offense charged is one for which a different or additional punishment is authorized by reason of the fact that the defendant has previously been convicted of an offense, that this fact may be established after his plea in the present action if he has been previously convicted, thereby subjecting him to such different or additional punishment."

Such reliance is unfounded. The record clearly establishes that the sexual sociopath proceedings were both instituted and dismissed at Hill's request. We fail to see how Hill can contend that he was unaware of the possibility of additional punishment when those proceedings were initiated at his request. It is true that Hill testified he believed that the proceedings were initiated at the trial court's

request.  However, on cross-examination Hill testi-
fied that he had expressed a desire to his counsel to
proceed under the sexual sociopath law, who filed
such a motion on Hill's behalf.  Such testimony
makes it clear that Hill had knowledge of the possi-
bility of sexual sociopath proceedings being insti-
tuted against him, at least as of June 7, 1978, the
original sentencing date.  While it is true that knowl-
edge of the additional punishment must be had on
the date of the entry of the plea, the record in this
case is unclear as to whether Hill had such knowl-
edge.  Hill did not show that he had no knowledge of
these proceedings on April 24, 1978, the date of entry
of the nolo contendere plea.  Having failed to meet
his burden of proof on the matter, we must affirm
the trial court as to this claim.

We have a further reason for rejecting this conten-
tion of Hill.  Even assuming that the record indi-
cated that Hill did not have knowledge of the possi-
bility of sexual sociopath proceedings being insti-
tuted against him, failure to so inform him as to this
matter is at best harmless error in this case.  In
fact, the sexual sociopath proceedings were dis-
missed at Hill's insistence.  No different or addi-
tional punishment was imposed upon Hill as a result
of these proceedings.  We point out that any possible
error which might have been injected into this mat-
ter was done so by Hill.  Even assuming that Hill
lacked knowledge of this matter, we reject his con-
tention, since any error which may have resulted
was caused by Hill.  In this connection, see United
States v. Timmreck, 441 U. S. 780, 99 S. Ct. 2085, 60
L. Ed. 2d 634 (1979).

Hill next contends that the failure of the trial court
to make a factual determination for the basis of the
charge also amounted to manifest injustice.  Again,
we fail to find merit in Hill's position.  "Although
questioning the defendant as to the factual basis is
not required where the defendant enters a plea of

nolo contendere, State v. Hyslop, 189 Neb. 331, 202 N. W. 2d 595, the court must satisfy itself that there is a factual basis for the charge." State v. Country, 202 Neb. 509, 276 N. W. 2d 110 (1979). "In determining whether a factual basis for a plea of guilty exists, a court is not required to interrogate the defendant. Inquiry of the prosecutor or examination of the presentence report is an alternative." State v. Daniels, 190 Neb.602, 211 N. W. 2d 127 (1973). Although it is true that the trial judge did not have the presentence report concerning the defendant before him at the time of the entry of the nolo contendere plea, it is clear he had the report before him prior to the sentencing. We point out that section 1.6 of the ABA Standards, *supra*, provides: "Notwithstanding the acceptance of a plea of guilty, the court should not *enter a judgment upon such plea* without making such inquiry as may satisfy it that there is a factual basis for the plea." (Emphasis supplied.) As we stated in State v. Leger, 190 Neb. 352, 208 N. W. 2d 276 (1973): "Verification of the fact that the court was aware of the 'factual basis' for the pleas is found in the presentence reports which were before the court when sentences were pronounced." Our review of the record indicates that there was indeed a factual basis for the charge. We likewise reject defendant's contention in this regard.

Finally, Hill contends that manifest injustice occurred because of the trail court's failure to advise him with reference to certain constitutional rights, as set out in Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). We resolved this issue in State v. Fowler, 201 Neb. 647, 271 N. W. 2d 341 (1978), where we stated: "In 1971, this court filed its opinion in the case of State v. Turner, 186 Neb. 424, 183 N. W. 2d 763, which case has been consistently followed in this state since it was filed and is the leading authority setting forth the tests to be observed in accepting pleas of guilty. In that case,

this court accepted the test enunciated in North Carolina v. Alford, [400 U. S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970)], that the standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. In the opinion we stated: 'This requirement of an item-by-item review of constitutional rights on a guilty plea is a strained and a too extreme construction of those cases.' The defendant in that case relied upon Boykin, as Boykin not only requires that a plea of guilty be intelligent and voluntary to be valid but that the record must affirmatively disclose that the defendant entered his plea understandingly and voluntarily. * * * In its opinion in Turner, this court considered the requirements of Boykin, but specifically declined to require a ritualistic litany or item-by-item review of constitutional rights before accepting a guilty plea from a defendant." As previously indicated, a review of the record clearly establishes that the trial court took great pains to determine if Hill understood the nature of the charges, the penalties involved, and the effect of the plea. No more is required under the law in this state. In previous cases we have suggested the use of check lists in arraignments to avoid difficulties such as were present in the instant case. We do so again.

No reversible error appearing in the record, the judgment of the District Court must be affirmed.

AFFIRMED.

CLINTON, J., concurs in result.

KRIVOSHA, C. J., not participating in this case.

WHITE, J., concurring in result.

I agree that the record is sufficient to enable a trier of fact to find that the defendant knew of his right to trial by jury and that by tendering a plea of no contest he was waiving that right.

Assuming, but not conceding, that the burden should properly be placed on a defendant to assert

and prove manifest injustice, as indicated in section 2.1, ABA Standards Relating to Pleas of Guilty, that burden is satisfied by the defendant simply pointing to a record silent as to the waiver of a constitutional right. Otherwise, the decision cannot be reconciled with the language of Mr. Justice Douglas in Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274: "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. * * * Second, is the right to trial by jury. Duncan v. Louisiana, 391 U. S. 145, 88 S. Ct. 1444, 20 L. Ed. 491. * * * *We cannot* presume a waiver of these three important federal rights from a silent record." (Emphasis supplied.)

McCOWN and HASTINGS, JJ., join in this concurrence.