STATE OF NEBRASKA, APPELLEE, v. SEBASTIAN
FALCONE, APPELLANT.
325 N.W.2d 160

Filed October 22, 1982. No. 82-137.

Paul E. Watts of Paul E. Watts & Associates, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

KRIVOSHA, C.J.

The appellant, Sebastian Falcone, has appealed from an order entered by the District Court of Douglas County, Nebraska, denying Falcone post conviction relief sought pursuant to the provisions of Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979). The appeal is wholly frivolous and without merit, and the order denying the post conviction relief is affirmed.

Falcone was initially charged with the burglary of an elementary school in Omaha, Nebraska. He entered a plea of no contest, which was accepted by the trial court. Following a presentence investigation, Falcone was sentenced to the Nebraska Penal and Correctional Complex for a term of not less than 3 nor more than 5 years. The offense charged was a violation of Neb. Rev. Stat. § 28-507(1) (Reissue 1979) and a Class III felony. By reason thereof Falcone could have been imprisoned in the Nebraska Penal Complex for not less than 1 year nor more than 20 years or fined not more than $25,000, or could have received both imprisonment and fine. Thereafter, Falcone appealed to this court, maintaining that his sentence was excessive. We disagreed and affirmed the sentence imposed.

Following the filing of his petition in the present action seeking post conviction relief, the court granted Falcone an evidentiary hearing. Following the hearing, the court found that Falcone had freely and voluntarily entered his plea of no contest with full knowledge that he would be found guilty by the court. Falcone's claim for post conviction relief is based upon some vague assertion that if he had known that one of his accomplices, a Michael Brown, had some contact with the police, he would

not have entered a plea of no contest. The argument made by Falcone is, at best, obscure and difficult, if not impossible, to follow. Although his petition alleged entrapment, he abandons that position on appeal, having failed to offer evidence of entrapment to the District Court. Now he maintains that he somehow entered a plea of no contest because he did not know that his accomplice was a police informer. On appeal, he argues the State suppressed evidence, but his petition fails to include any such allegation, as does the record fail to disclose any such evidence.

The evidence presented to the trial court at the time that Falcone entered his plea of no contest was overwhelming. The evidence discloses that on February 18, 1981, Falcone was arrested inside the Sunny Slope Elementary School in Douglas County, Nebraska. Upon arriving on the scene, deputy sheriffs, responding to an intrusion alarm which was triggered at the Sunny Slope Elementary School, were drawn to a building housing the school's air-conditioning units. Inside the building they found Falcone lying on the floor at the end of the air-conditioning unit. Next to him was a portion of a red baseball bat. A further investigation of the scene to determine where entry had been obtained revealed that a window in a back room of the building had been broken. There was shattered glass at that location. A vehicle belonging to Falcone was found at the scene, and inside the vehicle there was another piece of a red baseball bat, which piece was fitted to and matched the piece of the baseball bat found inside the building where Falcone was found. Glass, which appeared to be glass from the broken window, was embedded in a portion of the baseball bat. Falcone made no objection to any statements made at the time of the arraignment, and the District Court accepted the facts and his plea of no contest.

Were we in any way able to understand Falcone's argument relating to the relationship of Michael Brown and the police, we would nevertheless point out that a plea of guilty or nolo contendere waives every defense of the charge, whether the defense is procedural, statutory, or constitutional. *State v. Country,* 202 Neb. 509, 276 N.W.2d 110 (1979). We need, however, not even reach that point. As we indicated at the very outset, an examination of the record in this case and a review of the argument made by Falcone clearly establish that the appeal is wholly frivolous and without merit. Falcone was caught redhanded at the scene of the crime. To suggest that he was somehow "set up" and entered a plea of no contest because he did not know that Brown was somehow involved in all of this matter is impossible to follow. He appears to argue that his lack of knowledge of the alleged relationship between Brown and the police violates his plea. In *State v. Kluge,* 198 Neb. 115, 251 N.W.2d 737 (1977), we rejected such an argument, holding that it is the knowledge of the crime and the consequences of pleading to the charge with which we are concerned and not the defendant's knowledge of whether the State can succeed at trial.

The trial court was correct in concluding that no post conviction relief should be granted. The judgment of the trial court in denying such relief is affirmed.

AFFIRMED.

McCOWN, J., participating on briefs.