STATE OF NEBRASKA, APPELLEE, V. WILLIAM G. HILL,
APPELLANT.
336 N.W.2d 325

Filed July 15, 1983. No. 82-733.

Duane W. Schroeder, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

CAPORALE, J.

This appeal arises from the denial of relief to defendant-appellant, William G. Hill, under the Post Conviction Act (Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979)). He seeks to set aside and vacate his prior conviction and to withdraw his plea in order that he may plead anew. We find the appeal to be utterly without merit and legally frivolous; the order of the trial court is affirmed.

Defendant sets forth five purported assignments of error which condense into the claim that his trial counsel had not prepared for trial and was therefore ineffective, as a consequence of which defendant's nolo contendere plea was allegedly not voluntarily, knowingly, and intelligently made.

Defendant was charged with first degree sexual assault and assault with intent to commit sodomy. He originally pled not guilty to both counts; later, pursuant to a plea bargain, he withdrew his plea to the first count and entered a plea of nolo contendere thereto. The second count was then dismissed. Thereafter, he sought to withdraw his plea on a variety of grounds other than the ineffectiveness of counsel as he now urges. The denial of that motion was affirmed by this court in *State v. Hill*, 204 Neb. 743, 285 N.W.2d 229 (1979).

It has long been the rule in this jurisdiction that one seeking post conviction relief has the burden of establishing a basis for such and that the findings of the District Court in denying such relief will not be disturbed on appeal unless they are clearly erroneous. *State v. Rice, ante* p. 518, 335 N.W.2d 269 (1983); *Marteney v. State*, 210 Neb. 172, 313 N.W.2d 449 (1981). It is equally well established that one challenging the adequacy of criminal trial representation has the burden of proving incompetence and of showing that such incompetence prejudiced his

defense. Moreover, the standard for determining whether criminal defense counsel has provided adequate representation is whether he performed at least as well as a lawyer with ordinary training and skill in criminal law in his area, and whether he has conscientiously protected the interests of his client. *State v. Pope*, 213 Neb. 645, 330 N.W.2d 747 (1983); *State v. Hunt*, 212 Neb. 304, 322 N.W.2d 624 (1982). We test defendant's claims in accordance with the foregoing rules.

The record reveals that defendant admits an act of sexual intercourse with the minor female victim, but claims it was consensual. This claim conflicts with his prior statement that the rape was conducted at gunpoint on an isolated county road. Defendant provided his trial attorney with the names of certain witnesses, at least some of which counsel did not interview, who allegedly placed the defendant in a city other than the one named by the victim at a given time. Trial counsel did not investigate the out-of-court photographic identification procedures used, filed no motion to suppress evidence which was seized from the interior of an automobile pursuant to a search warrant which authorized only the search of the exterior of the automobile, and filed motions for a continuance and change of venue but 4 days prior to the scheduled trial date. The record also reveals that the defendant vacillated as to whether he wished to plea bargain or proceed to trial, was out of the state and difficult to reach at various times, and that trial counsel conferred with defendant at least four times prior to trial. Defendant has a significant prior criminal record involving sexual crimes.

Defendant's concern with the failure of trial counsel to interview the location witnesses is readily disposed of by observing that the record fails to tell us what those witnesses would have said. A claim of prejudice based upon counsel's alleged failure to call witnesses is not sustained in the absence of evidence as to what the witnesses' expected testimony

would be. *State v. Otey*, 212 Neb. 103, 321 N.W.2d 453 (1982). On the same theory, it accomplishes nothing to allege that trial counsel failed to investigate the pretrial identification procedures without establishing wherein those procedures were defective; no such showing appears.

The search of the vehicle was conducted at a time when it was already in the possession of the police under circumstances not revealed by the record before us. Noting it is only unreasonable searches which must be pursuant to warrant, the U.S. Supreme Court has held that the warrantless routine search of a vehicle lawfully in the custody of police, following standard procedures, does not violate the U.S. Constitution's fourth amendment prohibition of unreasonable search and seizure. The Court also noted that whether a search and seizure is unreasonable within the meaning of the fourth amendment depends upon the facts and circumstances of each case, and further observed that less rigorous requirements govern searches of automobiles not only because of the element of mobility but because the expectation of privacy with respect to one's automobile is significantly less than that relating to one's home or office. *South Dakota v. Opperman*, 428 U.S. 364, 96 S. Ct. 3092, 49 L. Ed. 2d 1000 (1976), *on remand* 247 N.W.2d 673 (S.D. 1976). We conclude that under the facts revealed by the record before us, a warrantless search of defendant's vehicle would have violated neither the fourth amendment nor the provisions of Neb. Const. art. I, § 7, which provides that the right of the people to be secure against unreasonable searches of their effects shall not be violated. See *State v. Watts*, 209 Neb. 371, 307 N.W.2d 816 (1981), approving the principles enunciated in *South Dakota v. Opperman, supra*. Since no warrant was required, it is of no import that the search was broader than was authorized by the warrant.

The fact that the motions for continuance and

change of venue were not filed until 4 days prior to the scheduled trial date is no more suggestive that counsel could not have been and was not in fact prepared for trial, notwithstanding the fact one of the stated grounds for seeking a continuance was the alleged lack of time to prepare, than it is suggestive that defendant had not yet come to grips with whether he wished to go to trial. The extensive examination conducted by trial counsel at the preliminary hearing establishes counsel well knew the facts and legal issues involved. We find no support for defendant's claim that he had to plead nolo contendere because his trial attorney had not done his job. The fact of the matter here is that there was no defense to the crime and defendant was well advised to plead a mere nolo contendere to the one count in exchange for dismissal of the second count.

AFFIRMED.