STATE OF NEBRASKA, APPELLEE, V.
SERAFIN CISNEROS, APPELLANT.

704 N.W.2d 550

Filed October 11, 2005.   No. A-05-597.

Thomas C. Riley, Douglas County Public Defender, and Peder Bartling for appellant.

Serafin Cisneros, pro se.

No appearance for appellee.

IRWIN, SIEVERS, and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

Serafin Cisneros appeals the order of the district court for Douglas County which denied his motion to withdraw his no contest pleas to criminal charges. Because we determine that the order denying the motion to withdraw the pleas was not a final, appealable order, we dismiss the appeal for lack of jurisdiction pursuant to Neb. Ct. R. of Prac. 7A(2) (rev. 2001).

## BACKGROUND

On June 11, 2004, the State charged Cisneros with second degree murder and use of a deadly weapon to commit a felony. On January 24, 2005, Cisneros pled no contest to the charges and the district court adjudged him guilty as charged. The docket entries show that on April 7, the district court overruled Cisneros' motion to withdraw his pleas; that on June 2, Cisneros stated he wished to appeal; and that sentencing was postponed due to the appeal. Cisneros' notice of appeal, signed on May 1, stated that he was appealing from a May 1 judgment or order of

the district court. No such order is in the record. Even though Cisneros references a nonexistent order in his notice of appeal, we can infer that he is attempting to appeal from the order denying his motion to withdraw his pleas. We therefore address that order in this appeal.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *State v. Bellamy*, 264 Neb. 784, 652 N.W.2d 86 (2002).

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case. *State v. Loyd*, 269 Neb. 762, 696 N.W.2d 860 (2005). An appellate court's jurisdiction is limited to the judgment or final order from which the appeal is taken. *Id.* Therefore, we must consider whether an order denying a motion to withdraw a plea constitutes a final, appealable order. While no Nebraska appellate court has expressly stated that such an order is not final or appealable, we conclude that existing Nebraska jurisprudence compels that result.

Neb. Rev. Stat. § 25-1902 (Reissue 1995) provides that three types of final order may be reviewed on appeal: (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. See *State v. Bronson*, 267 Neb. 103, 672 N.W.2d 244 (2003).

The order overruling Cisneros' motion to withdraw his pleas did not prevent a judgment, and it was not made by summary application after the judgment was rendered. Instead, we are confronted with the question of whether an order overruling a motion to withdraw a plea affects a substantial right in a special proceeding.

In *State v. Silvers*, 255 Neb. 702, 708-09, 587 N.W.2d 325, 331 (1998), the Nebraska Supreme Court identified postconviction proceedings as "special proceedings," stating that "[s]pecial

proceedings entail civil statutory remedies not encompassed in chapter 25 of the Nebraska Revised Statutes" and that "[s]pecial proceedings have also been described as 'every special statutory remedy which is not in itself an action.' " Except for legislation addressing the circumstances surrounding a trial court's failure to advise of the potential consequences to a noncitizen of removal from the United States or denial of naturalization, we find no statute specifically conferring a right to withdraw a plea of guilty or no contest. See Neb. Rev. Stat. § 29-1819.02 (Cum. Supp. 2004). The right conferred by § 29-1819.02 does not apply in the instant case. Thus, under the foregoing definition of a special proceeding, we conclude that Cisneros' motion to withdraw his pleas of no contest is not a "special proceeding" within the meaning of § 25-1902.

Additionally, we conclude that the denial of a motion to withdraw a plea, at least where § 29-1819.02 does not apply, does not involve a substantial right. Because the circumstances contemplated by § 29-1819.02 are not present in the case before us, we express no opinion concerning whether an order denying a motion to withdraw a plea of guilty or no contest, made under that section, is a final, appealable order.

> A substantial right is an essential legal right, not a mere technical right. . . . A substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing.

(Citation omitted.) *State v. Lauck*, 261 Neb. 145, 148, 621 N.W.2d 515, 517 (2001).

In *State v. Gibbs*, 253 Neb. 241, 570 N.W.2d 326 (1997), the Nebraska Supreme Court held that the denial of a motion to discharge based on speedy trial grounds affected a substantial right and was an appealable order. But see *State v. Sklenar*, 269 Neb. 98, 690 N.W.2d 631 (2005) (order denying motion for absolute discharge was not final, appealable order where probation statute did not expressly allow for absolute discharge upon violation of right contained therein). Similarly, in *State v. Milenkovich*, 236 Neb. 42, 458 N.W.2d 747 (1990), the Supreme Court held that the denial of a plea in bar raising a nonfrivolous double jeopardy claim was a final, appealable order because it affected

a substantial right in a special proceeding. In both cases, the Supreme Court noted that the rights of the accused would be significantly undermined if appellate review were postponed. In *State v. Bronson*, 267 Neb. 103, 672 N.W.2d 244 (2003), the Supreme Court applied *Gibbs* and *Milenkovich* and held that although the defendant had the option to move for a new trial based on DNA evidence under Neb. Rev. Stat. § 29-4123(3) (Cum. Supp. 2004), the denial of his motion to vacate and set aside the judgment under § 29-4123(2), following a hearing on DNA test results, affected a substantial right in a special proceeding because he had lost the right to be immediately released from custody without being exposed to further delay, expense, and the risk inherent in a new trial.

Unlike the rights of the defendants in *Gibbs*, *Milenkovich*, and *Bronson*, Cisneros' rights would not be significantly undermined by postponing review. The Nebraska Supreme Court has heard appeals from denials of motions to withdraw pleas *after* the appellants were sentenced. See, *State v. Carlson*, 260 Neb. 815, 619 N.W.2d 832 (2000); *State v. Hill*, 204 Neb. 743, 285 N.W.2d 229 (1979). Thus, in the case before us, appellate review is not foreclosed and any prejudice arising from the order denying Cisneros' motion to withdraw his pleas can be mitigated by a timely appeal after sentencing. Moreover, a withdrawal of Cisneros' pleas would not have resulted in his immediate release from custody. Our conclusion is further strengthened by the fact that in both *Carlson* and *Hill*, the defendant's motion to withdraw his prior plea was initially denied more than 30 days prior to sentencing. Nonetheless, in both cases, on appeal after sentencing, the Supreme Court addressed the issue of the trial court's denial of the defendant's request to withdraw the plea. Presumably, had the Supreme Court considered an order denying a motion to withdraw a plea to be final and appealable, it would have dismissed that portion of the appeals in *Carlson* and *Hill* as untimely. See, e.g., *State v. Trevino*, 251 Neb. 344, 556 N.W.2d 638 (1996) (dismissal of appeal after sentencing and more than 30 days after denial of defendant's plea in bar). We conclude that the order denying Cisneros' motion to withdraw his pleas did not affect a substantial right.

## CONCLUSION

Because the order denying Cisneros' motion to withdraw his no contest pleas was not a final, appealable order, we dismiss Cisneros' appeal pursuant to rule 7A(2).

APPEAL DISMISSED.